Peabson, J.
 

 We concur with his Honor as to both of the matters excepted to.
 

 The fact, that Capt. Beasley had received the hire for a part of the time, prior to November 1840, and accounted for it to the plaintiff, had no ^bearing upon the
 
 *286
 
 issue. It was irrelevant and properly rejected. It is the duty of the Court to protect juries from such evidence, because it is apt to mislead, and in all cases renders the investigation of facts unnecessarily tedious and embarrassing.
 

 It was very ingeniously argued for the defendant, that, although this evidence had no direct bearing upon the issue, it had a tendency to explain the general admission of the defendant, which was relied on by the plaintiff, that it was too broad as to the time prior to November 1840; and thus furnishing ground for an inference, that it was also too broad as to the time subsequent to that date. If the fact, that an admission is too brpdd as to the time not sued for, furnishes any grou-nd-foi the inference, that it is also too broad as to the time, which is sued for, it is very remote and attenuated — too much so for any practical purpose.
 

 The deposition was properly rejected. The law requires three days notice, not mer.ely to enable the party to get to the place, but to prepare himself, by examining his papers, deciding upon the proper mode of cross examination, and consulting his counsel, if need be ; hence, the proper notice must be given, unless it is waived, either expressly or impliedly. If a party be present and makes no objection, but allows the deposition to be taken, and, particularly, if he shows his concurrence by a cross examination, a waiver of notice is implied. But in this case, the plaintiff- expressly objected, and did not cross examine, and the idea of implying a waiver of notice, under such circumstances, is absurd.
 

 As to the mode of counting the days, the proper ruléis to count one day inclusive and the other exclusive. Here, there was one whole day and a part of two other days. If the day, on which the notice was given, be included, the day, on which the deposition is taken, should be excluded. This makes the notice short enough; and a
 
 *287
 
 good deal might be urged in favor of requiring three whole days ; but we adopt the rule, allowing one day inclusive and the other exclusive, for the sake of having one fixed and uniform rule. It is believed, that this is the rule, adopted as to the time of executing and returning writs, and in other matters of practice.
 

 Per Curiam.
 

 Judgment affirmed.