## CHARLES SKINNER *vs.* D. G. MAXWELL.

If a party is deprived of an appeal without his laches, he is entitled to a *certiorari*, as a substitute for an appeal.

An appeal may be taken without the sanction of a Judge, if the parties can make out the case by agreement, and without his intervention. But whether they can perfect an appeal, not only without the sanction but in spite of the prohibition of the Judge, *Quere!*

Though an appeal may be brought up in spite of the prohibition of a Judge, yet, as the practice has been so uniformly the other way, the Court would not feel at liberty to refuse a party a *certiorari*, as a substitute for the remedy of which he had been deprived.

This was an application for a *certiorari* made before this Court at the present term, as a substitute for an appeal.

D. G. Maxwell, the defendant in a suit of Charles Skinner, by his next friend, &c., against him, made affidavit stating, in substance, that a motion was made by plaintiff's counsel in the above stated case, at the recent term of Mecklenburg Superior Court, for the appointment of a receiver. This motion was opposed by defendant's counsel, upon the ground that since the commencement of the suit he had purchased the interest of plaintiff in the goods in controversy, and was owner of the entire stock. The motion was allowed by the Judge below, and the counsel for affiant asked for an appeal to this Court, which was refused by the presiding Judge.

*Bynum*, for Skinner.
*C. Dowd*, for Maxwell.

READE, J. The defendant had the right to appeal from the order appointing a receiver, and if he was deprived of that right without his laches he is entitled to a *certiorari*, as a substitute for an appeal. The question then is, was he deprived

of his right of appeal without his laches. The facts are, that he asked for an appeal and his Honor refused to grant it.

Our attention was called for the first time to the fact, that a party may appeal without the sanction of the Judge, C. C. P., S. S. 299, 300, 301, 302. We do not mean that we had not before noticed the said sections of the Code, but we have had no occasion for their practical application to a case like the one before us, because we have had no case in which an appeal was refused. It is true that an appeal may be taken without the sanction of the Judge, if the parties can make out the case by agreement, without his intervention ; but it is a different question whether the parties can perfect an appeal, not only without the *sanction*, but in spite of the *prohibition* of the Judge. It may be that both the parties and the clerk, in certifying the record, would be in contempt. But we do not think it necessary to decide that, because taking it to be that the defendant might, in spite of the prohibition of the Judge, have brought up his case by appeal, yet as the practice has been uniformly the other way, and as it was commendably respectful to the Court to forbear, we do not feel at liberty to refuse him a *certiorari*, as a substitute for the remedy of which he was deprived.

Let a *certiorari* issue, &c.

PER CURIAM. Order accordingly.