JOHN TAYLOR v. GEORGE HARRIS.

*Service of Summons—Computation of Time.*

In computing the ten days before the beginning of a term required for the service of a summons, it is a rule, settled by long practice, to include the day of service and exclude the return day, or *e converso.*

(*Drake* v. *Fletcher*, 5 Jones, 410, cited and approved.)

CIVIL ACTION, tried at Spring Term, 1879, of NEW HANOVER Superior Court, before *Seymour, J.*

The action was brought to fall term, 1878, which began on Monday the 2d day of December, 1878. The summons was served on Thursday the 21st day of November, 1878; and the defendant contended that the summons was not served ten days before said term, and that the spring term was therefore the appearance term. The court held that the service was in time for fall term, 1878, and ruled the defendant to trial, to which he excepted. The jury returned a verdict for plaintiff, upon which judgment was rendered, and the defendant appealed.

*Messrs. Junius Davis* and *A. T. & J. London,* for plaintiff.
*Mr. J. D. Bellamy, jr.,* for defendant.

ASHE, J. In computing the time required by law for a summons to be served before the beginning of a term of the superior court, we must be governed not by the Code of Civil Procedure, whose provisions in regard to the service and return of summons are not now in force, but by the act of 1870–'71, ch. 42, by which the Code has been suspended in these and other particulars.

That act provides that " the officer to whom the summons is addressed, shall note on it the day of delivery to him and shall execute it at least ten days before the beginning of the

term to which it is returnable, and shall return it on the first day of the term." This language, it will be seen, is substantially the same with that of section 50, chapter 31, of the Revised Code, which reads, " all writs, &c., shall, unless otherwise directed, be returned the first day of the term to which the same shall be returnable, and shall be executed at least ten days before the beginning of the term when returnable to the superior court, and at least five days when returnable to the county court." So far as relates to writs returnable to the county courts, this court in construing the last mentioned act held that the service of a writ returnable to the county court, on the Wednesday preceding the beginning of a court, would be in time for that term. *Drake* v. *Fletcher*, 5 Jones, 410. Applying the same principle to writs returnable to superior courts, their service on Friday, the tenth day before court, would be in apt time for the next court, and the two acts being so similar in language must bear the same construction.

It has been the uniform construction, so far as we are informed, put upon the act of 1777, ch. 115, which is the same as section 50, chapter 31 of the Revised Code, requiring writs to be issued ten days before the beginning of a term of court, that the one day is inclusive and the other exclusive; and it has long been the practice to issue writs returnable to the superior courts and have them served as late as Friday the tenth day before court, and the fact that no appeal has heretofore been brought to this court, founded on an objection to such a practice, is proof of the concurrence of the profession in the construction given to the act in *Drake* v. *Fletcher, supra.*

No error.                  Affirmed.