*R. C. BADGER and others v. W. A. DANIEL and others.

*Appeal—Certiorari—Laches.*

Where the appeal from a judgment is lost by laches, and the party afterwards moves to vacate the judgment and for the grant of an appeal therefrom, which motion is refused, and the appeal from this judgment is also lost by a failure to give bond within the time required by law, this court will not grant the writ of *certiorari* to bring up the case for review, especially where, as in this case, the petitioner shows no merits. The right of appeal cannot be restored by motion to vacate a judgment and an appeal from the refusal.

*Hervey* v. *Edmunds*, 68 N. C., 243 ; *Molyneux* v. *Huey*, 81 N. C., 106, cited and approved.)

PETITION for a *Certiorari* heard at January Term, 1880, of THE SUPREME COURT.

*Messrs. Gilliam & Gatling* and *Day & Zollicoffer*, for petitioner.

*Messrs. Walter Clark* and *Mullen & Moore, contra.*

DILLARD, J.   The matters in litigation in the above cause were adjudged in this court at June term, 1878, (79 N. C., 372) and the opinion certified to the court below, and at the fall term of Halifax superior court, a motion was made for judgment in conformity to the opinion certified, and by consent of parties His Honor held the case for consideration until the 29th of January, when the judgment now sought to be reviewed was entered.   No appeal was taken from said judgment, but notice was given of a motion to be made at the ensuing spring term to vacate said judgment and of appeal therefrom.   The motion was made and refused, and thereupon entry of appeal taken and notice waived were entered of record, and the bond required by law not being given until the 16th of May, the appeal was dismissed on

*Smith, C. J., did not sit on the hearing of this case.

motion of the plaintiff in this court.    The defendant Henry Hervey, having lost his right of appeal, by not perfecting his appeal according to the statute, now seeks the extraordinary writ of *certiorari* as a substitute for an appeal.

We are of opinion he is not entitled to have the writ. Upon the petition and the answer filed in opposition, it appears, that by consent of the parties His Honor was at liberty to make up his judgment, and when made up and filed in the clerk's office, it was to be entered as of the fall term, 1878, and he afterwards, to-wit, on the 29th of January, 1879, filed the judgment in the office, and thereupon it was entered, as agreed to be done, as a judgment of the preceding term, and in law it was effectual as such.    *Hervey* v. *Edmunds,* 68 N. C., 243; *Molyneux* v. *Huey,* 81 N. C., 106.

It is one of the causes shown against the grant of the writ, that notice was given to the parties of the judgment filed by the judge, and it is not denied by the petitioner.    No step, as required by law, was taken by petitioner towards an appeal after such opportunity, and no dispensation from compliance with the statute was granted by the plaintiff, nor is it claimed to have been by the petitioner, Hervey. By his laches in this respect the right to appeal from *that* judgment was lost, and no reason whatever is given to excuse, or relieve against the loss.    The refusal of the court to vacate this judgment at spring term, 1879, was in pursuance of a notice to plaintiffs of a motion to vacate the same, and for the grant of an appeal therefrom.    At the refusal to vacate, appeal was prayed from *that* judgment, and entry thereof made on the record; but, the appeal bond not being given until the 16th of May, long after the expiration of the time given by law to file the same, the petitioner lost his right to appeal from that judgment also.

Petitioner shows no merits as against the judgment of the court *refusing* to vacate the judgment entered on the 29th of January, as of the previous term, and sets out none.

And besides, in the appeal brought up, which was dismissed for want of bond, the record contains no findings of fact, no judgment of the court on the refusal of the motion to vacate, and therefore it is to be taken that petitioner has no merits as against the refusal of His Honor to vacate, and never intended to have His Honor's refusal to vacate, reviewed.

It seems to us that the petitioner, Henry Hervey, having lost his right of appeal from the judgment of the court as of fall term, 1878, sought, through the peculiar terms of his notice of motion to vacate, in case the court refused to vacate to appeal from the refusal, and to hitch on the judgment, and thus by indirection restore into himself the benefit of an appeal which he had lost.

The right of appeal from a judgment, and a review thereof for errors of law in it, cannot be restored to a party, who has lost the right, by a mere motion to vacate and an appeal from the refusal, whether founded on irregularity, or for the causes under section 133 of the code of civil procedure.

By the insufficiency of the application on the accounts above mentioned, the petitioner's only ground of objection to the judgment pronounced in the court below, is for alleged non-conformity to the certified opinion of this court, and wherein that consists, or how, or to what extent it is unjust or hurtful to the petitioner, does in no manner appear. It seems to us that a substitute for a lost appeal from a judgment ought not to be granted for alleged non-conformity to the decision of this court, unless the departure was indicated in the petition, and the injury to the petitioner therefrom pointed out. The motion for *certiorari* is disallowed.

PER CURIAM.                                    Motion refused.