SAMUEL C. WHITE, Cashier, &c., v. M. E. UTLEY, et als.

## *Appeal.*

1. The rule is reiterated, that appeals which present for review only fragments of the case, instead of the case in its entirety, will not be entertained.

2. So, where pending a reference, the defendant moved before the referee to make new parties, which motion the referee certified to the Superior Court for its action, where the motion was allowed, and the plaintiff appealed, the appeal was dismissed.

(*White* v. *Utley*, 86 N. C., 415, cited and approved; *Merrill* v. *Merrill*, 92 N. C., 657, cited and distinguished).

Motion in a cause, heard before *Clark, Judge,* at August Term, 1885, of the Superior Court of WAKE county.

After the dismissal of the former appeal of the plaintiff, for the reason that it was prematurely taken, in the midst of an unexecuted order of reference, 86 N. C., 415, the cause was re-

committed to the same referee, and he was directed to proceed under the former order. The general facts are stated in the report in that appeal, and do not require repetition.

John G. Williams, the president of the bank, and trustee in the conveyance made by the defendant William Utley, in June, 1869, of two tracts of land, and a considerable personal estate, to secure money borrowed of the bank, died in February, 1879, and at the instance of E. R. Stamps, who was brought into the cause by a supplemental complaint, in which it is alleged that he had purchased the equity of redemption in the lands, under an execution sale against the defendant William Utley, the heirs-at-law of the deceased, of whom the wife of said Stamps was one, were made parties defendants also, and filed their answer in 1885. This was done before the referee, and without objection. While the matter was pending before the referee, the plaintiff objected to the taking of the account of the administration of the trust fund by the deceased, because his personal representatives were not parties. Thereupon, the defendant William Utley, asked leave of the referee to make the representatives parties. The referee declined to give leave, for an alleged want of power, and certified the application to the Superior Court for its action. It was there allowed, the plaintiff's motion for judgment refused, and from these rulings the plaintiff again appealed.

*Mr. D. G. Fowle*, for the plaintiff.
*Messrs. J. A. Williamson* and *E. C. Smith*, for the defendants.

SMITH, C. J. (after stating the facts). There is no reason for entertaining the present appeal, which did not apply to the other appeal. The matter is before the referee, undisposed of, and the proposed introduction of the executors of the deceased, was in furtherance of its essential object, a full and final determination of the controversy. We reiterate what was before said, when the cause was in this Court:

" The inconvenience of a partial adjudication, followed by an appeal, and this from time to time repeated, so as to *present for review successively, fragments of the case,* instead of the case in its entirety, are numerous, and inconsistent with the system of practice, which aims to bring litigation, without needless delay and expense, to a termination."

The amendment proposed, prejudices no substantial right of the plaintiff, and was asked to remove the grounds of his objection to taking the account of the trustee's administration of the trust fund, the principal object of the reference. The bank is substantially the party in interest, and the plaintiff in the action.

The original loan to the defendant William Utley, according to the averments in his answer, was made out of the funds of the bank, and to secure it, he conveyed two tracts of land, and much personal property, to John G. Williams, its president, and so designated in the deed, as trustee. The lands are the subject matter of his covenant with the defendant Mary E., the sale of which, to pay her notes for the purchase money, is demanded in the action. The funds received under the deed in trust, and with which the trustee is sought to be charged in payment of the indebtedness of both, is the object of inquiry in the reference. It is now in progress, and the result not ascertained. The entire alleged identity in interest of both the president and cashier with the bank, as its agencies in the transaction, seem to require the examination pending before the referee, to be completed and reported, so that the controversies between the various parties may be fully understood, before the rendition of judgment. It was therefore properly refused at this stage of the proceeding, and as the ruling " affects no substantial right" of the plaintiff, neither it, nor the allowance of the amendment, authorizes the appeal. The principle has been so often acted on as to require no reference.

The case of *Merrill* v. *Merrill,* 92 N. C., 657, is not an authority adverse to the present ruling. There it is held, that the action came to an end by the death of the administrator, and

could not be retained and prosecuted by the administrator *de bonis non*, and his cause of action being different, no amendment as to parties was allowed for the purpose of continuing the cause in Court. This is not the effect of the present amendment, and its allowance resides in the breast of the Court.

From either ruling, therefore, the appeal is unauthorized, and must be dismissed.

· Let this be certified, to the end that the cause may proceed from the point at which the interruption occurred.

· Remanded.                                   Dismissed.