THE STATE AND COUNTY OF GUILFORD v. THE GEORGIA COMPANY.

*Appeal, when Premature — Process — Service — Publication — Statute.*

1. An appeal from the refusal of a motion to dismiss an action for want of proper service of process, taken before final judgment, is premature and will not be considered. The better practice is to note an exception and proceed with the trial.

2. Service of summons made by publication from August 3rd to August 31st, the term of the Court to which the process was returnable beginning on the latter day, is a sufficient publication of "once a week for four weeks," and a compliance with the statutes in that respect. *The Code,* §§ 200, 596, 602; ch. 108, Laws 1889.

3. It is sufficient if the publication contains the substantial elements of the summons, and the fact that it is not a literal copy will not render the service void.

This CAUSE was heard, upon motion, before *Winston, J.,* at Fall Term, 1891, of GUILFORD Superior Court.

The petition alleges that notice of summons was published in *The Daily Record* from August 3rd, 1891, to August 31st, 1891, both days inclusive, the last day being the day on which Court began.

That on Saturday, September 5th, the case was called by his Honor in its order on the summons docket, when the attorney for defendant entered a special appearance, and moved—

1. That this case go over to next term as return term of summons, because the notice of publication embraces only four weeks, and not four weeks and ten days.

2. The case is not properly constituted in this Court, in that a copy of the summons and the proper title of action was not made in the publication.

Both motions were overruled, and defendant prayed an appeal, which was refused.

The following is a copy of the publication made:

NOTICE.

GUILFORD COUNTY—*Superior Court.*

STATE OF NORTH CAROLINA AND THE BOARD
   OF COMMISSIONERS OF GUILFORD COUNTY      *Service by*
               *v.*                        *Publication.*
    THE GEORGIA COMPANY.

This is a civil action, brought in this Court in behalf of the creditors of the defendant corporation to obtain the appointment of a receiver, and to follow and collect the assets of the defendant corporation for the payment of State and county taxes; and it appearing to my satisfaction that the defendant is a corporation duly organized under the

laws of this State; that a summons has been duly issued against the defendant, and that no officer or agent thereof, upon whom the service of the same can be lawfully made, can, after due diligence, be found within the State, the defendant, the said The Georgia Company, is hereby notified to appear at the next term of this Court to be held on the 31st day of August, 1891, and demur or answer to the complaint which will be filed in said cause within the first three days of said term, or judgment by default will be entered against it.

It is ordered that this notice be published once a week for four successive weeks in *The Daily Record*, a newspaper published in the said county of Guilford.

This 3rd day of August, 1891.

JNO. J. NELSON, *C. S. C.*

*Messrs. L. M. Scott* and *R. M. Douglas*, for plaintiffs.
*Messrs. P. B. Means and F. H. Busbee*, for defendant.

CLARK, J.: This application is for a *certiorari*, as a substitute for an appeal claimed to have been denied by the Judge. *Skinner* v. *Maxwell*, 67 N. C., 257. It is clear that an appeal did not lie from the interlocutory ruling of the Court, and it was the duty of the Judge not to suspend proceedings. *Carleton* v. *Byers*, 71 N. C., 331. If the defendant was not duly served with process properly returnable to such term, he could either have disregarded the further proceedings of the Court, which would have been a nullity as to him, or he could have had his exception noted and have proceeded with the trial; the latter being the preferable and more commendable course. *Plemmons* v. *Improvement Co.*, 108 N. C., 614. The manifest delays and inconveniences from entertaining premature and fragmentary appeals have, indeed, been often pointed out. *Hines* v. *Hines*, 84 N. C., 122; *Commissioners* v. *Satchwell*, 88 N. C., 1; *White* v. *Utley*, 94 N. C., 511, and in many other cases. As no appeal lay,

a *certiorari* as a substitute therefor cannot be granted.   *Badger* v. *Daniel*, 82 N. C., 468.

Notwithstanding the petition must be denied, it may serve the end in view, to pass upon the points presented, as has been sometimes, though rarely, done by the Court, upon sufficient cause to justify it.   *McBryde* v. *Patterson*, 78 N. C., 412 ; *State* v. *Tyler*, 85 N. C., 569 ; *State* v. *Lockyear*, 95 N. C., 633; *State* v. *Nash*, 97 N. C., 514; *State* v. *Divine*, 98 N. C., 778.

The publication required by chapter 108, Acts 1889, is " once a week for four weeks." This, it appears from the petitioner's application, was made, for it avers the daily publication in a newspaper from August 3 to August 31, 1891, and a publication on the four Mondays, August 3, 10, 17 and 24, was a publication " once a week for four weeks" prior to the term of Court beginning Monday, August 31.   But if the requirement is construed to mean publication " for four weeks," still there was a compliance under our statute (*The Code*, §§ 596 and 602), for, " excluding the first day (August 3) and including the last day," August 31, there was publication made for twenty-eight days, or " four weeks." The same construction has always been given to the statute (*The Code*, § 200) requiring personal service " ten days before the beginning of the term," for service before midnight of Friday, the tenth day before Court, has always been held sufficient.   *Taylor* v. *Harris*, 82 N. C., 25.   We do not think that the defendant, when served by publication, is entitled to ten days in addition to the four weeks.   The publication " once a week for four weeks " is a substitute for and stands in lieu of the " ten days" which is allowed to a party on whom summons is personally served   This is not only consonant to the reason of the thing, but is in accordance with the express words of the statute, *The Code*, § 227: " In the cases in which service by publication is allowed, the summons shall be deemed served at the expiration of the time prescribed by the order of publication, and the party *shall*

*then be in Court;*" that is exactly as a party who has had ten days' personal notice of the summons would be in Court. We are cited to the New York decisions, but the statute in that State (*Code N. Y.*, 441) differs essentially from ours in the omission of the words "and the party shall then be in Court."

Nor is there any force in the further objection, that " a copy of the summons and the proper title of the action was not made in the publication." The publication as set out in the petition is a substantial publication of the summons and a full compliance with the statute.. It contains everything that is in the summons, and the additional matter in the publication, at the most, was mere surplusage. We cannot conceive how the defendant could have been prejudiced thereby.

Motion denied.