OSCAR N. HARRIS AND EDDIE PAT DRAUGHON, PARTNERS D/B/A NATIONAL
ESTATES v. JAMES W. LATTA AND GLADYS H. LATTA

No. 17

(Filed 6 November 1979)

**Vendor and Purchaser § 2— exercise of option timely—method of computing time**

In computing the time for the performance of an act or event which must take place a certain number of days before a known future day, one of the terminal days is included in the count and the other is excluded, unless there is something to show an intention to count only "clear" and "entire" days; therefore, plaintiffs' notice to defendants of intent to purchase certain property was timely given on 15 January 1976 where the parties' contract provided that notice should be given "at least sixty (60) days prior to 15 March 1976," and use of the phrase "at least" did not alter the general rule for computation of time.

Justice BROCK did not participate in the consideration or decision of this case.

Justice BRITT dissents.

PLAINTIFFS appeal from decision of the Court of Appeals, 40 N.C. App. 421, 253 S.E. 2d 28 (1979), affirming judgment of *Hobgood, J.,* 16 January 1978 Civil Session, ROBESON Superior Court.

Plaintiffs brought this action for specific performance of an option to purchase certain land and the improvements thereon owned and leased to plaintiffs by defendants.

The lease between the parties is dated 14 March 1974 and grants the lessee, plaintiffs herein, " . . . the option to purchase the leased property, as above described, owned by the lessors at any time prior to March 15, 1976 at a purchase price of Eighty

Thousand Dollars ($80,000.). Said option shall be exercised by lessee giving written notice to lessors of his intent to purchase said leased property at least sixty (60) days prior to March 15, 1976."

Plaintiff hand delivered written notice of intent to purchase on January 15, 1976. Defendant declined to honor the option agreement, contending that the notice of intent to purchase was not timely given. Defendant contends the notice should have been given on or before January 14, 1976.

It should be noted that the year 1976 was a leap year with the month of February containing twenty-nine days.

The trial court held that in ascertaining "at least sixty days prior to March 15, 1976," both terminal days, *i.e.*, January 15, 1976 and March 15, 1976, should be excluded. Judgment was accordingly rendered in favor of defendants. On appeal, the Court of Appeals affirmed with Judge Webb dissenting. Plaintiffs appealed as of right to the Supreme Court pursuant to G.S. 7A-30(2).

*Bryan, Jones & Johnson by James M. Johnson, attorneys for plaintiff appellants.*

*Johnson & Johnson by W. A. Johnson and Sandra L. Johnson, attorneys for defendant appellees.*

HUSKINS, Justice.

The sole question on this appeal is whether the terminal days, *i.e.*, March 15, 1976 and January 15, 1976, shall be included or excluded in determining what period of time constitutes "at least sixty (60) days prior to March 15, 1976."

It is a well established general rule in this State and in an overwhelming number of other jurisdictions that in computing the time for the performance of an act or event which must take place a certain number of days before a known future day, one of the terminal days is included in the count and the other is excluded, unless there is something to show an intention to count only "clear" and "entire" days. *Pettit v. Trailer Co.*, 214 N.C. 335, 199 S.E. 279 (1938); *Guilford v. Georgia Co.*, 109 N.C. 310, 13 S.E. 861 (1891); *Taylor v. Harris*, 82 N.C. 25 (1880); *Beasley v. Downey*, 32 N.C. 284 (1849); 86 C.J.S., Time, § 13(1); Annot., 98 A.L.R. 2d 1331,

§ 3 (1964); *cf.* Rule 6(a), Rules of Civil Procedure; G.S. 1-593; G.S. 1-594 (1979 N.C. Adv. Leg. Serv., No. 5 at 267); G.S. 25-9-603(4) (1979 N.C. Adv. Leg. Serv., No. 5 at 267).

In *Beasley v. Downey, supra,* the defendant offered the deposition of a witness taken on December 28, 1847, pursuant to a notice served on plaintiff on December 26, 1847. The statute pertaining to the taking of depositions required three days' notice to be given. Plaintiff's objection to admission of the deposition for lack of timely notice was sustained and the deposition was excluded. On appeal this Court affirmed, saying: "As to the mode of counting the days, the proper rule is to count one day inclusive and the other exclusive. Here, there was one whole day and a part of two other days. If the day on which the notice was given be included, the day on which the deposition is taken should be excluded. This makes the notice short enough; and a good deal might be urged in favor of requiring three whole days; *but we adopt the rule, allowing one day inclusive and the other exclusive, for the sake of having one fixed and uniform rule.*" (Emphasis added.)

In *Taylor v. Harris, supra,* it was held that in computing the ten days before the beginning of a term required for the service of a summons, the rule, settled by long practice, is to include the day of service and exclude the return day. The statutory language being construed by the Court provided in pertinent part that the summons was to be served "*at least* ten days before the beginning of the term to which it is returnable. . . ." (Emphasis added.) It is to be noted that use of the phrase "at least" did not foreclose application of the general rule for computation of time.

G.S. 1-593 provides: "The time within which an act is to be done, as provided by law, shall be computed in the manner prescribed by Rule 6(a) of the Rules of Civil Procedure."

Rule 6(a) of the Rules of Civil Procedure provides, in pertinent part: "In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, including rules, orders or statutes respecting publication of notices, the day of the act, event, default or publication after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period

runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday."

It thus appears with complete uniformity that, absent anything showing an intent to count only clear or entire days, in computing the time for performance of an act which must take place a designated number of days before a known future day, one of the terminal days is included in the count and the other is excluded. Such is the general rule and it is followed in approximately forty states. "For the sake of having one fixed and uniform rule," we adhere to the general rule which has been the law in North Carolina since 1849.

In construing contracts ordinary words are given their ordinary meaning unless it is apparent that the words were used in a special sense. *Insurance Co. v. Insurance Co.*, 266 N.C. 430, 146 S.E. 2d 410 (1966). "The terms of an unambiguous contract are to be taken and understood in their plain, ordinary and popular sense." *Weyerhaeuser v. Light Co.*, 257 N.C. 717, 127 S.E. 2d 539 (1962).

Applying these principles to the language of the option under consideration, we conclude that the able trial judge, and the Court of Appeals as well, erroneously construed the terms of the option. "[A]t least sixty (60) days prior to March 15, 1976" are simple, clear, unambiguous words which have no special meaning. They must therefore be given their ordinary, popular meaning. They show no intention of the parties to alter the general rule for computation of time in this jurisdiction. Therefore, the general rule for computing time applies with the first day of the sixty-day period excluded and the last day included. Beginning with March 15, 1976, which is excluded, and counting backward, sixty days terminates on January 15, 1976. Hence, plaintiff's written notice to defendants of intent to purchase the leased property was timely given on January 15, 1976.

Defendant vigorously contends that use of the phrase "at least" in "at least sixty (60) days prior to March 15" indicates a specific intent to compute the notice period by counting sixty "clear" or "entire" days between March 15 and the date written notice is to be given. We conclude that use of this phrase does not alter the general rule for the computation of time. *Accord, Taylor v. Harris, supra. See generally*, Annot., 98 A.L.R. 2d 1331 § 8. We

stress again that the phrase "at least" is not specially defined in the option contract and therefore must be given its ordinary meaning. *Insurance Co. v. Insurance Co., supra; Weyerhaeuser v. Light Co., supra.* When this is done, it is clear that the phrase "at least" does not specify which *method* of computation is to be used; rather, it merely serves to emphasize that a *minimum* of sixty days' notice must be given, to be computed in the manner in which time is normally reckoned.

It is important to note that the general rule for computation of time in this jurisdiction comports with the manner in which persons of ordinary understanding would determine the time within which an act is to be done. A holding that the parties to this contract contemplated sixty "clear" or "entire" days' notice by the plaintiffs in the exercise of their option would run counter to the ordinary expectations of contracting parties and would do violence to the clear intent of the parties as expressed in the language of the option.

For the reasons stated, the decision of the Court of Appeals is reversed. The case is remanded to that court for further remand to the Superior Court of Robeson County for entry of judgment in accord with this opinion.

Reversed and remanded.

Justice BROCK did not participate in the consideration or decision of this case.

Justice BRITT dissents.