RHEUBEN HERBERT, Plaintiff-Appellee,
v.
CLEATRICE HERBERT, Defendant-Appellant.
No. COA09-225
Court of Appeals of North Carolina
Filed December 22, 2009
This case not for publication
No brief for Plaintiff-Appellee.
W. Gregory Duke for Defendant-Appellant.
McGEE, Judge.
Plaintiff obtained a judgment against Defendant in the amount of $46,000.00 in the State of New York on 12 December 1994. This judgment was filed with the Pitt County Clerk of Superior Court on 15 February 1995. Plaintiff filed this action on 15 February 2005 in Superior Court in Pitt County alleging, inter alia, that the judgment filed on 15 February 1995 was a final judgment, that it remained unsatisfied, and that Plaintiff had been "diligent in his efforts to execute upon the judgment." Plaintiff's 15 February 2005 action sought to "have and recover from Defendant the sum of $46,000.00 plus interest as allowed by law."
Pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), Defendant moved to dismiss Plaintiff's action on 3 May 2005. The trial court denied Defendant's 3 May 2005 motion by order entered 2 January 2008. Plaintiff filed a motion for summary judgment on 29 January 2008. The trial court granted Plaintiff's motion for summary judgment by order entered 2 September 2008, nunc pro tunc to 25 June 2008. Defendant appeals.
In Defendant's first argument, she contends that the trial court erred in granting Plaintiff's motion for summary judgment. In Defendant's second argument, she argues the trial court erred in denying her Rule 12(b)(6) motion to dismiss. We disagree with both arguments.
Defendant's argument at the 16 January 2007 hearing on her motion to dismiss, and Defendant's argument at the 23 June 2008 hearing on Plaintiff's motion for summary judgment, were the same. Plaintiff's 1994 judgment against Defendant was filed in Pitt County on 15 February 1995. Pursuant to N.C. Gen. Stat. § 1-47(1) (2007), there is a ten-year statute of limitations for filing an action to collect on prior judgments such as the one in this case. Plaintiff filed the current action on 15 February 2005 to collect on the judgment filed in Pitt County on 15 February 1995. At both the hearing on Defendant's motion to dismiss and the hearing on Plaintiff's motion for summary judgment, Defendant argued that the ten-year statute of limitations had run before Plaintiff filed this action. Defendant's argument was that because a year begins on 1 January, and ends on 31 December, the ten-year period that began on 15 February 1995 ended on 14 February 2005 and, therefore, Plaintiff filed this action one day outside the ten-year statute of limitations.
We first note that Defendant's argument at the hearings was legally incorrect. It is clear that, pursuant to the relevant statutes and case law, the ten-year statute of limitations relevant to the appeal before us ended on 15 February 2005, not 14 February 2005. See N.C. Gen. Stat. § 1-593 (2007); N.C. Gen. Stat. § 1A-1, Rule 6; Harris v. Latta, 298 N.C. 555, 558-59, 259 S.E.2d 239, 2414-2 (1979).
However, perhaps realizing her argument before the trial court was legally untenable, Defendant does not make the same argument on appeal. Defendant attempts to bring an entirely new argument before our Court. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure[1] states in relevant part: "In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."
In both of Defendant's arguments on appeal, Defendant attempts to argue a distinction between the "rendition" of a judgment and the "docketing" of a judgment, which Defendant contends supports her position that this action was filed outside the applicable statute of limitations. Because Defendant failed to make this argument before the trial court, it has not been preserved for appellate review, and we will not consider it. Westminster Homes, Inc. v. Town of Cary Zoning Bd. of Adjustment, 354 N.C. 298, 309, 554 S.E.2d 634, 641 (2001) ("issues and theories of a case not raised below will not be considered on appeal"); see also N.C.R. App. P. 10(b)(1); Reep v. Beck, 360 N.C. 34, 37, 619 S.E.2d 497, 499 (2005); Anderson v. Assimos, 356 N.C. 415, 417, 572 S.E.2d 101, 103 (2002); Floyd v. Exec. Personnel Group, __ N.C. App. __, __, 669 S.E.2d 822, 828 (2008).
Appeal dismissed.
Judges WYNN and BRYANT concur.
Report per Rule 30(e).
NOTES
[1] Because this case was appealed before 1 October 2009, the 2 July 2009 amendments to the North Carolina Rules of Appellate Procedure do not apply to this opinion.