T. N. HILL et al. v. GLENDON AND GULF MINING AND MANU-FACTURING COMPANY.

*Railroad Right-of-Way — Condemnation Proceedings — Parties — Rights of Tenant in Common — Failure to Agree on Compensation.*

1. In a proceeding for the condemnation of land for the right-of-way for a railroad, the petition, whether filed by an owner or by the company, should state the names of all persons interested, and all of them should be in Court before the commissioners are appointed.

2. Where the petition in a proceeding for assessment of damages for the right-of-way of a railroad enumerates the various owners of the land, and such owners voluntarily came in and made themselves parties, a demurrer by the defendant company that there *was* a defect of parties when the petition was first filed is untenable.

3. The fact that a co-tenant of land has granted a right-of-way to a railroad company will not prevent another owner from instituting proceedings for the assessment of damages sustained by him, nor will such fact prevent the co-tenant, who has made such grant, from becoming a party to the proceedings, and having his rights adjusted thereunder, upon a claim that the company had forfeited its right under the grant by failure to comply with the conditions thereof, and this, although such forfeiture did not occur until after the petition was first filed by his co-tenant.

4. It is not necessary that the petition filed by a landowner in proceedings for the assessment of damages for land taken by a railroad company for right-of-way, shall state that the petitioners and the company have failed to come to an agreement as to the sum to be paid, such averment being necessary only when the railroad company is the actor in such proceedings.

This was a special proceeding, instituted before the Clerk of CHATHAM Superior Court, by Thomas N. Hill and his infant children, owners of one-fourth of the tract of land in

said county, known as "LaGrange," to have damages assessed for the petitioners against the defendant for the taking of their interest in the part of said land by defendant for right-of-way for its railroad, and heard at chambers in Durham on March 31, 1893, before *Bryan, J.*

John Manning and wife and M. A. Southerland, who together own three-fourths of the land, came into Court and made themselves parties to the proceeding, and claim that they were entitled to damages or compensation from the defendant, for the reason, as they allege, that the grant of a right-of-way over the land which they had made to the defendant had become null and void, the defendant having agreed that it should be void if the road was not constructed within two years from date of the grant, and this has not been done. The period of two years had not elapsed when the original petition was filed, but had elapsed when they made themselves parties.

The defendant filed a demurrer, which was sustained by the Clerk. An appeal was taken. His Honor heard the appeal and overruled the demurrer, and the defendant appealed. The demurrer was as follows:

"The defendant demurs to the original complaint (or petition) filed in this proceeding by the petitioner, Thomas N. Hill and his children and co-petitioners with him, and specifies the following objections thereto, to-wit:

"1. For that it appears from the face of said complaint (or petition) that there is a defect of parties, in that John Manning and his wife Louisa J. Manning, M. A. Southerland and A. P. Gilbert are not joined, either as plaintiffs or defendants.

"2. For that the said complaint (or petition) does not state facts sufficient to constitute a cause of action, in that the said complaint alleges a conveyance by petitioners, co-tenants in common, to the defendant, of the right-of-way for its railroad through the land described in the complaint, and does set forth therein and thereby a legal justification for the alleged action of the defendant.

"3. For that said complaint (or petition) does not set forth, as is provided in sections 1698 and 1699, chapter 38, and in sections 1943 and 1944, chapter 49 of *The Code,* inability of plaintiffs (or petitioners) to 'agree' with defendant for the purchase of the right-of-way in question, nor any effort to 'agree' about it."

And the defendant excepting to all orders of the Court allowing interpleading prior to service of process or return day for defendant's appearance in this proceeding, demurs to the aforesaid complaint (or petition) as adopted by A. P. Gilbert, on the grounds:

"1. For that, at the date of said A. P. Gilbert's interplea, there was still a defect of parties, in that said John Manning and wife Louisa J. Manning and M. A. Southerland were not joined as parties, either plaintiff or defendant.

"2. For that, as to said A. P. Gilbert, the complaint does not state facts sufficient to constitute a cause of action in his favor, in that said complaint (or petition) alleges a conveyance to the defendant by the lessors of said Gilbert of the right-of-way for its railroad through the land described in the complaint, and does set forth therein and thereby a legal justification for the alleged action of the defendant.

"3. For that it is a misjoinder of causes of action to unite in the same proceeding the alleged cause of action of said A. P. Gilbert with that of his co-plaintiffs as against this defendant.

"4. For that the complaint does not state the unexpired term of said Gilbert's alleged lease.

"5. For that the said Gilbert's interplea adopting the original complaint does not state inability to 'agree,' or any effort to 'agree,' with defendant about the value of his alleged interest in the right-of-way in question, as is provided in sections 1698, 1699, 1943 and 1944 of *The Code.*

"And the defendant, excepting to all orders of the Court allowing interpleading by John Manning and wife and M. A.

Southerland, demurs to the original complaint (or petition) as affected by the interplea of said John Manning and wife and M. A. Southerland as a misjoinder of causes of action, in that the alleged cause of action of the original petitioners, Thomas N. Hill and his children, accrued prior to December 23, 1892 (the date of the commencement of this proceeding), and the alleged cause of action of said John Manning and his wife Louisa J. Manning and M. A. Southerland accrued (if at all) subsequent to said December 23, 1892, viz., not until after March 7, 1893.

"2. For that the alleged grounds of the interplea of said John Manning and his wife Louisa J. Manning and M. A. Southerland constitute (if at all) a new cause of action, arising or accruing since December 23, 1892, the date of the commencement of this action.

"3. For that it appears from the face of the interplea of said John Manning and his wife Louisa J. Manning and M. A. Southerland, that under the deeds set forth as exhibits, and annexed thereto, the entry on the lands therein described, and excavations made and embankments erected, etc., therein prior to March 7, 1893, were justified thereby, and said John Manning and wife Louisa J. Manning and M. A. Southerland are thereby estopped to claim damages therefor; and article 5 of said interplea does not allege an entry, etc., subsequent to March 7, 1893, or after an alleged failure of the 'conditions,' as it is termed, of said deeds; and said article 5 is ambiguous and indefinite as to when plaintiffs intended to allege said entry, excavations and embankments were made, and in this said interplea of said John Manning and wife Louisa J. Manning and M. A. Southerland, fails to state facts sufficient to constitute a cause of action.

"4. For that said John Manning and wife Louisa J. Manning and M. A. Southerland cannot maintain this proceeding against this defendant under the provisions of chapters 49 and 38 of *The Code*, as is shown upon the face of said

interplea and a proper construction of the said deeds, this not being such a case as is provided for by statute as falling within the class of cases (in sections 1943, 1944, 1699 and 1698 of *The Code*) where parties are 'unable to agree,' etc.

"Wherefore, defendant demands judgment that this proceeding be dismissed, and for judgment against all the petitioners and interpleaders and the surety on the prosecution bond for costs."

*Mr. T. B. Womack*, for plaintiffs.
*Mr. W. A. Guthrie*, for defendant (appellant).

BURWELL, J.: The provisions of section 1944 of *The Code* seem clearly to indicate that in a proceeding under that section, all parties "who own or have, or claim to own or have estates or interests" in the land over which a right-of-way is sought to be condemned, shall be brought before the Court, to the end that all the persons interested in the assessment of the damages may be bound by the action of the commissioners, who will find what gross sum, if any, is due to the owners, and that they may all be heard when the Court comes to apportion the sums between the several owners, according to their respective interests or estates in the land. The petition, whether filed by an owner or by the company, should state the names of all persons interested, and all of them should be in Court before the commissioners are appointed.

The petition filed by the original petitioners, Thos. N. Hill and his children, alleged that these children were the owners in fee of one undivided fourth part of the land described in the said petition, the father having a life-estate in that part. That Mrs. L. J. Manning, wife of John Manning, owned one undivided fourth part in fee; and that M. A. Southerland owned an undivided half in fee; and that A. P. Gilbert had a lease for five years on all of the tract. Here we have a

careful compliance with the provisions of the statute, a full
enumeration of all those who owned any interest or estate in
the premises. And this enumeration of the owners of the
land was accompanied by the statement of the petitioners,
made on information and belief, that Mrs. Manning and M. A.
Southerland, who together owned three-fourths of the land,
had conveyed to the railroad company a right-of-way through
the premises. It thus became evident that, in order to have
a complete determination of the matter, it would be neces-
sary to bring into Court not only the defendant company,
from whom alone the plaintiffs sought damages, but those
other owners. They might well have been made defendants
originally, but they have come in and been made petitioners,
and thus all parties interested are present, and will be bound
by what is done in the proceeding.

The position taken by the defendant company that there
*was* a defect of parties when the petition was first filed is
untenable. What the petitioners wished was to have *their*
damages assessed and paid. It is not their concern to inquire
whether or not the company had come to an agreement with
their co-tenants and the tenant for years, and had settled
with those parties. In their petition they gave to the Court
and to the defendant information about the other persons
who had an interest in the premises, as, under the statute,
they were required to do. If the defendant had settled the
matter with those other parties, it had but to say so in its
answer, and ask that the commissioners should only report
the sum due the petitioners; or if it had not settled the mat-
ter with those parties, it was its privilege to ask the Court to
have them brought in, that a complete determination of the
matter might be had.

But whatever may be thought about the propriety or
necessity of their being original parties, it is surely sufficient
that before defendant's demurrer was filed they all volunta-
rily came into Court and made themselves parties. No sug-

gestion is made that there is anyone who claims any estate or interest in the land that is not now, and was not when the demurrer was filed, a party. Therefore, there can be no *defect of parties.* What the rights of the respective individuals are is another matter that will be hereafter determined.

The position of the defendant that the petition does not state a cause of action is equally untenable. If, as petitioners say they are informed, the defendant has acquired by agreement with the other parties a right to use and occupy for its purposes their shares (three-fourths) of the land covered by the "right-of-way," it will not be required by the final judgment in the cause to pay any damages to those persons. Under the ample provisions of sections 1947 and 1949 of *The Code* the rights of all the parties can be ascertained and adjusted in this one proceeding. The whole damage to the land may be estimated, and it may then be determined, by reference or otherwise, how much of the gross sum the defendant owes; or what proportion of the right-of-way has been acquired, if any, by contract, may be first ascertained, and the damages or compensation due to the parties who have not been paid may be found and reported by the commissioners.

It was argued before us that the legal effect of the deeds from John Manning and wife and M. A. Southerland to the defendant is such that the original petitioners cannot maintain this proceeding under section 1944 of *The Code*, and that at any rate, Mrs. Manning and M. A. Southerland cannot join in this petition for the assessment of damages, for the reason that, at the date of the filing of the original petition, according to the statement of those parties contained in their interpleas, the defendant had not lost its title to the right-of-way acquired from them by it.

It cannot, we think, be seriously contended that the owners of one undivided fourth of a tract of land, through which a railroad is constructed, can be deprived of their right to have

the damages due to them assessed under the provisions of section 1944, by the purchase by the railroad company of the rights of one of the other tenants in common. And the right of all the parties in the damages for the taking of the land, whether those rights continue as they were at the time the petition was filed, or are changed and modified by subsequent events, can all be adjusted under the provisions of sections 1947 and 1949.

As another cause of demurrer the defendant insists that the petition does not state (as it says it should) that the petitioners were unable to come to an agreement with the defendant as to the sum to be paid by it to them for the taking of their land. This was not necessary. The statute requires the railroad company, when it becomes the actor in such a proceeding, as it may, to state that fact as its justification for summoning to Court a citizen whose land it wishes to take by condemnation. But when the citizen merely seeks pay for his property that has been taken from him under a license from the State, the law does not impose upon him the necessity of asserting that he and the taker of his property have not agreed. His proceeding is in itself an emphatic asseveration to that effect.

What has been said seems to us sufficient to cover all the grounds of demurrer.

We find no error in the rulings of his Honor, and the cause is remanded, to be proceeded with according to law.

No Error.