JANE MILLS v. S. C. CALLAHAN.

(Decided May 29, 1900.)

*Amendment—Additional Parties—Evidence.*

1. The power of the judge to make additional parties to an action is settled, especially when the amendment did not change the cause of action, nor work any injustice to the opposing party.

2. When the additional parties have been made by leave of the court, evidence is competent to identify them and connect them with the chain of title.

EJECTMENT, tried before *McNeill, J.,* at Fall Term, 1899, of RUTHERFORD Superior Court.

The plaintiff was Jane Mills, widow of L. A. Mills. At a previous term of the court his heirs were made parties, on motion of plaintiff, and defendant excepted. At the present term of the court the plaintiff offered evidence tending to show who the heirs were, and to identify them and connect them with the chain of title. The defendant objected, and upon being overruled, excepted. There was verdict for plaintiff, and judgment accordingly. Defendant appealed.

*Messrs. D. W. Robinson,* and *R. S. Eaves,* for appellant.
*Mr. M. H. Justice,* for appellee.

FAIRCLOTH, C. J. Action of ejectment by the widow of L. A. Mills. At Spring Term, 1899, the heirs of L. A. Mills were made parties plaintiff, and the defendant excepted. The matter was tried at Fall Term, 1899, when the plaintiff recovered the land, tracing their title from a grant older than that under which the defendant claimed.

We had supposed that the power of the Judge to make additional parties to an action was settled, especially when

the amendment did not change the cause of action, nor work any injustice to the opposing party.    Code, sec. 273 ; *Bullard v. Johnson,* 65 N. C., 436.

The exceptions to evidence, tending to show who were the heirs of L. A. Mills, and to identify and locate the land in dispute, were based on the theory that error in making the heirs parties was committed.    They were properly overruled, and we see no error in the record.

Affirmed.