## BERNARD v. SHEMWELL.

(Filed November 7, 1905).

*Pleadings—Demurrer—Parties—Premature Appeal—Mortgagor and Mortgagee—Foreclosure.*

1. Where a demurrer, in a proceeding for foreclosure upon the ground that the mortgagor, who had assigned his equity of redemption, was not made a party, was sustained, but no order was made directing him to be made a party, or dismissing the action for failure to do so, no appeal lies at this stage, even if such order is prejudicial.

2. A mortgagor who, since the execution of the mortgage, has parted with his interest in the premises by an absolute conveyance, retaining no longer the equity of redemption, is not a necessary defendant in foreclosing the mortgage.

ACTION by George Bernard against Baxter Shemwell and others, heard upon demurrer, by *Judge Henry R. Bryan,* at the April Term, 1905, of the Superior Court of DAVIDSON County. From a judgment sustaining the demurrer, the plaintiff appealed.

*Walser & Walser* for the plaintiff.
*McCrary & Ruark* and *E. E. Raper* for the defendant.

*Per Curiam:* This was a demurrer in a proceeding for foreclosure upon the ground that the mortgagor, who had assigned his equity of redemption, was not made a party. The judge sustained the demurrer, but did not make any order directing him to be made a party, or dismissing the action for failure to do so. Had the plaintiff declined to make the additional party and the action had then been dismissed, an appeal would lay. But the plaintiff should either have taken that course, or have had his exception noted, and making the additional party, should have brought the interlocutory order

up for review, if it proved prejudicial and the final judgment
were against him. If the final judgment should be in his
favor, or the interlocutory order should not prove injurious,
a review thereof would not be desired. The court does not
entertain fragmentary appeals. It can very rarely happen
that making an additional party will be a serious prejudice,
and hence such orders are usually discretionary, and not
reviewable. Code, section 273; *Tillery v. Candler,* 118 N.
C., 889, and cases cited.

.But should it be contended that such order is prejudicial,
no appeal lies at this stage. *Lane v. Richardson,* 101 N. C.,
181; *Emry v. Parker,* 111 N. C., 261; *Bennett v. Shelton,*
117 N. C., 103; *Gammon v. Johnson,* 126 N. C., 67. The
appellant should have noted his exception and have pre-
sented it for review upon appeal from the final judgment,
should it be adverse to him.

Even if the mortgagor had been made a party, no probable
injury to the plaintiff thereby is shown. The appeal must
be dismissed because premature, but it is not amiss to say
that the mortgagor could have no possible interest in this ac-
tion, since he had conveyed his equity of redemption. "It is
well settled that a mortgagor who, since the execution of the
mortgage, has parted with his interest in the premises by
an absolute conveyance, retaining no longer the equity of re-
demption, is not a necessary defendant in foreclosing the
mortgage. Neither are the heirs of such person necessary
parties, nor are his personal representatives or his wife." 9
Enc. Pl. & Pr., 332, and numerous cases there cited; Jones
on Mortgages (3rd Ed.), sec. 1402.

The court having sustained the demurrer, the plaintiff
should be allowed to make the mortgagor a party, or if (as
suggested) this is impossible, the judge may allow the com-
plaint to be amended so as to set up that allegation.·

Appeal Dismissed.