## L. H. FOCHTMAN v. WALTER GREER.

### (Filed 7 December, 1927.)

**1. Limitation of Actions—Pleadings—Courts—Justices of the Peace—Appeal—Trial de Novo—Discretion.**

An appeal from a court of a justice of the peace is tried *de novo* in the Superior Court, C. S., 661, and when the account sued on is admitted in the former court, it is discretionary with the trial judge to permit the plea of the statute of limitations which is necessary to defendant's right to set it up.

**2. Actions—Interveners—Burden of Proof.**

The burden of proof is upon the intervener in an action.

APPEAL by defendant from *Sinclair, J.,* and a jury, at May Special Term, 1927, of ASHE. No error.

*W. B. Austin for plaintiff.*
*W. R. Bauguess for defendant.*

PER CURIAM. Plaintiff brought an action against defendant on a promissory note, before a justice of the peace. A warrant of attachment was sued out at the time and service was had by publication. We are bound by the record. It discloses that when the cause came on for trial before the justice of the peace defendant, through his attorney, entered a special appearance, *admitted the correctness of the account,* and moved to vacate the attachment on the ground that defendant was a resident of this State. This motion was overruled and judgment was rendered in favor of the plaintiff, from which the defendant appealed to the Superior Court. Subsequent thereto Emma Greer and Fay Graham intervened, alleging ownership to certain personal property at-

tached in the action. This issue was tried in the Superior Court. The jury decided against the interveners. The attorney who appeared in the justice of the peace's court for defendant represented the interveners in the Superior Court.

The burden of the issue to be answered by the jury was upon the interveners. *Sugg v. Engine Co.*, 193 N. C., p. 814.

From the record we find that in the justice of the peace's court defendant "admitted the correctness of the account." In the Superior Court defendant offered to plead the statute of limitation, through the same attorney who represented the interveners and who had entered a special appearance for defendant in the justice of the peace's court and moved to vacate the attachment on the ground that defendant was a resident, but admitted the correctness of the account. The court refused to allow this to be done. On an appeal to the Superior Court the trial is *de novo*, "a new trial of the whole matter." C. S., 661. The defense of the statute of limitation, to be available, must be pleaded. 8 Encyc. Dig., N. C. Reports, p. 887, sec. 134, and cases cited.

Defendant did not plead the statute of limitation, but admitted in the justice of the peace's court the correctness of the debt. The leave to file answer in the Superior Court and plead the statute of limitations, under the facts and circumstances of this case, was in the discretion of the court below. Defendant cannot "blow hot and cold in the same breath."

The cases of *Woodard v. Milling Co.*, 142 N. C., p. 100, and *White v. Peanut Co.*, 165 N. C., p. 132, are not in conflict with the position here taken. We find

No error.