CITY OF WILMINGTON v. BOARD OF EDUCATION OF NEW HANOVER COUNTY.

(Filed 20 May, 1936.)

1. **Appeal and Error J a—**

An order making additional parties upon a proper amendment of the complaint is within the discretionary power of the trial court and is not reviewable.

2. **Pleadings E c—**

The trial court has discretionary power to allow plaintiff to amend his complaint when the amendment does not alter the cause alleged so as to render it a new or different cause of action. C. S., 547.

3. **Pleadings D e—**

Defendant's contention that the complaint, even upon the joinder of an additional party and the allowance of an amendment, would fail to state a cause of action against it, may not be presented by exception to the order allowing the amendment, the defendant's procedure being by demurrer to the complaint as amended.

APPEAL from *Parker, J.,* at March Term, 1936, of NEW HANOVER. Appeal dismissed.

This was a civil action, brought by the city of Wilmington to recover from the board of education of New Hanover County the sum of $1,199.43 for improvements made on its streets and sidewalks abutting on the property of the defendant used for a high school, to have said amount declared a lien on the said property, and to foreclose said lien by a sale to pay said debt.

The case came on for hearing and the defendant moved, on the pleadings, for judgment dismissing the action. Whereupon, the court, upon motion of the plaintiff, entered an order denying the motion of the defendant, and allowing the plaintiff to make the board of commissioners of New Hanover County a party defendant, and to amend its complaint so as to seek to determine the amount due by the board of education on the assessments made upon its property, and to pray that a writ of *mandamus* issue to collect the amount so ascertained.

To the foregoing order the defendant excepted, and appealed to the Supreme Court.

*Wm. B. Campbell and George L. Peschau for plaintiff, appellee.*
*C. D. Hogue for defendant, appellant.*

PER CURIAM. It very rarely happens that the making of additional parties proves prejudicial, and hence orders making such parties are discretionary with the trial court, and are not reviewable upon appeal. *Tillery v. Candler,* 118 N. C., 888; *Bernard v. Shemwell,* 139 N. C., 446; *Maggett v. Roberts,* 108 N. C., 174. By proper amendment new parties may be brought into a pending action. *Dobson v. Southern Ry. Co.,* 129 N. C., 289.

A judge of the Superior Court has within his sound discretion the statutory authority to permit the plaintiff to amend his complaint when thereby the ground for the alleged cause is not so substantially changed as to become a new or different cause of action. *Goins v. Sargent,* 196 N. C., 478; C. S., 547.

The appellant takes the position in its brief that should the additional party be made, and should the complaint be amended as allowed by his Honor's order, no cause of action would then be alleged against it. However this may be, the proper way in which to present that question is by demurrer to the complaint when amended, and not by exception to the order allowing such amendment.

The appeal is premature, and therefore is dismissed.

Appeal dismissed.