### E. M. MORGAN v. THE TURNAGE COMPANY, INC.

(Filed 13 April, 1938.)

1. **Parties § 5—**
    The trial court has the power to order the joinder of additional parties defendant when the order does not change the cause of action.

2. **Appeal and Error § 37b—**
    Ordinarily, an order making additional parties is not prejudicial, and therefore such orders are usually discretionary and not reviewable.

APPEAL by defendant from *Olive, Special Judge,* at September Term, 1937, of PITT. Appeal dismissed.

*Wm. J. Bundy and John Hill Paylor for plaintiff.*
*Albion Dunn for defendant.*

PER CURIAM. The defendant appealed from an order of the court below making additional parties defendant. The power of the judge to make additional parties to an action is well settled, and it does not appear that the order appealed from will change the cause of action or work injustice to the appellant. *Tillery v. Candler,* 118 N. C., 888, 24 S. E., 709; *Mills v. Callahan,* 126 N. C., 756, 36 S. E., 164; *Bernard v. Shemwell,* 139 N. C., 446, 52 S. E., 64; *Joyner v. Fiber Co.,* 178 N. C.,

634, 101 S. E., 373; *Barbee v. Cannady,* 191 N. C., 529, 132 S. E., 281; *Wilmington v. Board of Education,* 210 N. C., 197, 185 S. E., 767.

As was said in *Bernard v. Shemwell, supra,* "It can very rarely happen that making an additional party will be a serious prejudice, and hence such orders are usually discretionary and not reviewable."

Appeal dismissed.