SERVICE FIRE INSURANCE COMPANY OF NEW YORK v. HORTON MOTOR LINES, INC., AND ASSOCIATED TRANSPORT, INCORPORATED.

(Filed 21 November, 1945.)

**1. Parties § 10—**

. As a general rule the trial court has the discretionary power to make new parties, especially when necessary in order that there may be a full

and final determination and adjudication of all matters involved in the controversy. G. S., 1-73.

**2. Same: Appeal and Error § 37b—**

Ordinarily orders by the trial court making, in its discretion, new parties necessary to a conclusion of the controversy, are not reviewable on appeal.

**3. Insurance §§ 50, 51—**

When insured property is damaged or destroyed by the negligent act of another, the right of action accruing to the injured party is for an indivisible wrong and gives rise to a single indivisible cause of action, in which the whole claim must be adjudicated.

**4. Same —**

The cause of action for damages or destruction of insured property abides in the insured through whom the insurer, upon payment, must work out his rights. If, however, the insured no longer has an unsatisfied claim, over and above the amount of insurance received, then the claim of the insurer represents the entire unsettled claim and it, being subrogated to the rights of the insured, may maintain an action without the joinder of the owner.

**5. Limitation of Actions §§ 1a, 15: Pleadings § 13½ —**

The plea of the statute of limitations is a plea in bar—a defense that may not be presented by demurrer. The lapse of time does not discharge a liability. It merely bars recovery.

APPEAL by defendants from *Johnson, Special Judge,* at May Term, 1945, of MECKLENBURG. Affirmed.

Civil action by insurer to recover damages suffered by its insured as a result of an automobile-truck collision.

There was a collision between the automobile of one R. B. Medlin and a truck of defendant Horton Motor Lines, which has since been absorbed by defendant Associated Transport, Inc. The damage to the automobile was $463.50. The plaintiff, having issued its collision insurance policy on the automobile of Medlin, paid him $413.50. It now seeks to recover the said amount under the doctrine of subrogation. Negligence on the part of defendants is duly alleged.

Defendants demurred to the complaint for that "the plaintiff, not having paid the entire loss, is subrogated only to the extent of the payment made by it. That the right of action for damages to said property is indivisible and the only right of action is in the owner of said property and that plaintiff has no right of action against these defendants."

When the cause came on for hearing on the demurrer the plaintiff, during argument thereon, moved the court for an order making Medlin, the insured owner of the automobile, a party to the action "in order that there may be a full and final determination and adjudication of all

matters involved in this controversy." The motion was allowed and an order was entered making said Medlin a party to the action and directing that summons issue. The court then overruled the demurrer and defendants excepted and appealed.

*Helms & Mulliss for plaintiff, appellee.*
*Jones & Smathers for defendants, appellants.*

BARNHILL, J. As a general rule the trial court has the discretionary power to make new parties, especially when necessary in order that there may be a full and final determination and adjudication of all matters involved in the controversy. G. S., 1-73, 163; *Insurance Co. v. Locker,* 214 N. C., 1, 197 S. E., 555, and cases cited; *Morgan v. Turnage Co., Inc.,* 213 N. C., 425, 196 S. E., 307; *Wilmington v. Board of Education,* 210 N. C., 197, 185 S. E., 767; *Goins v. Sargent,* 196 N. C., 478, 146 S. E., 131.

Ordinarily such orders are not reviewable upon appeal. *Wilmington v. Board of Education, supra; Rental Co. v. Justice,* 212 N. C., 523, 193 S. E., 817; *Morgan v. Turnage Co., Inc., supra; Bernard v. Shemwell,* 139 N. C., 446.

That the plaintiff alone, without the joinder of the owner, is not entitled to maintain the action does not alter the rule or limit the discretionary power of the judge.

In *Ins. Co. v. R. R.,* 179 N. C., 255, 102 S. E., 417, each of five insurance companies had paid a proportionate part of the loss. Each entered an action against the alleged tort-feasor without the joinder of the insured, the legal holder of the claim, to recover. The defendant demurred and the demurrer was sustained. Thereupon the plaintiffs moved to consolidate the actions and to make the insured owner a party plaintiff. The motion was allowed. The court affirmed, holding that the latter order, in effect, reversed the ruling on the demurrer. That case is controlling here. See also *Rental Co. v. Justice, supra,* and *Insurance Co. v. Locker, supra.*

When property upon which there is insurance is damaged or destroyed by the negligent action of another, the right of action accruing to the injured party is for an indivisible wrong—and a single wrong gives rise to a single indivisible cause of action. *Powell v. Water Co.,* 171 N. C., 290, 88 S. E., 426; 1 Am. Jur., 493. The whole claim must be adjudicated in one action. 1 Am. Jur., 481. (See note 19 for numerous citations.)

The cause of action abides in the insured through whom the insurer, upon payment of the insurance, must work out his rights. *Powell v. Water Co., supra.*

If, however, the insured no longer has an unsatisfied claim, over and above the amount of insurance received, then the claim of the insurer represents the entire unsettled claim and it, being subrogated to the rights of the insured, may maintain an action without the joinder of the owner. *Powell v. Water Co., supra; Cunningham v. R. R.,* 139 N. C., 427; *Ins. Co. v. R. R.,* 132 N. C., 75.

The complaint alleges that the value of the automobile before the collision was $600 and that immediately thereafter it was reasonably worth $136.50. This is tantamount to an allegation that Medlin sustained damages in the sum of $463.50. Plaintiff paid the owner $413.50. Does the complaint thus disclose affirmatively that the cause of action has been split and for that reason is not maintainable? We cannot so hold.

Did Medlin accept the payment from plaintiff in full settlement of his claim? If not, is his claim for the balance still outstanding and unsatisfied? The complaint gives no affirmative answer. Hence it is not subject to successful attack by demurrer. The alleged defects in the statement of the cause of action must be presented by answer.

More than three years have elapsed since the date of the injury. Even so the plea of the statute of limitations is a plea in bar—a defense that may not be presented by demurrer. *Motor Co. v. Credit Co.,* 219 N. C., 199, 13 S. E. (2d), 230; *Fochtman v. Greer,* 194 N. C., 674, 140 S. E., 442; *Smith v. Allen,* 181 N. C., 56, 106 S. E., 143; *Bryant v. Bryant,* 178 N. C., 77, 100 S. E., 178; *Logan v. Griffith,* 205 N. C., 580, 172 S. E., 348; *Pierce v. Faison,* 183 N. C., 177, 110 S. E., 857; *Mining Co. v. Lumber Co.,* 170 N. C., 273, 87 S. E., 40. Furthermore the lapse of time does not discharge the liability. It merely bars recovery.

Defendants resist the order making Medlin a party for fear that it will give life to plaintiff's action even though Medlin's claim is barred. Thus they are anticipating a question which has not yet arisen.

What the respective rights of the parties may be in the event it is made to appear at the hearing that Medlin's claim for damages, in part, is still outstanding and unsatisfied, but his right of action is barred by the statute of limitations, so that plaintiff is now the only party having an enforceable claim, must be reserved for decision at the trial below. The facts there developed will control the ruling of the court.

Neither do we decide the effect of the joinder of Medlin as a defendant rather than as a co-plaintiff.

The exception to the order making new parties is without merit. The order overruling the demurrer is

Affirmed.