CITY OF RALEIGH v. A. J. EDWARDS AND WIFE, MAMIE H. EDWARDS (DEFENDANTS), AND W. HAROLD BARBEE AND WIFE, VIRGINIA M. BARBEE (INTERVENING DEFENDANTS).

(Filed 21 November, 1951.)

**1. Appeal and Error § 2—**

An appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court unless such interlocutory order deprives the appellant of a substantial right which he might lose if the order is not reviewed before final judgment. G.S. 1-277.

**2. Eminent Domain § 18b: Parties § 7—**

The court is not required to determine the validity of a claim of interest in lands sought to be condemned before permitting claimant to intervene for the purpose of asserting his claim. G.S. 40-12.

**3. Appeal and Error § 2—**

Petitioner is not entitled to appeal from an order permitting a party claiming an interest in the lands sought to be condemned to intervene in the proceeding, since petitioner can fully protect whatever legal rights it may have by preserving exception to the order allowing intervention, G.S. 1-278, and by appealing from any adverse judgment upon the merits.

**4. Judgments § 30: Appeal and Error § 2—**

Upon the allowance of a motion for leave to intervene, provisions in the order undertaking to specify in advance what interveners' pleadings should allege and what legal positions they should take, are *obiter dicta* and without binding force since such matters are not before the court, and therefore such provisions do not impair any substantial right of interveners and are not appealable.

APPEALS by petitioner, City of Raleigh, and interveners, W. Harold Barbee and wife, Virginia M. Barbee, from *Sharp, Special Judge,* at September Term, 1951, of WAKE.

Motion for leave to intervene in a condemnation proceeding.

The petitioner, the City of Raleigh, a municipality, brought this proceeding against the original respondents, A. J. Edwards and Mamie H. Edwards, to condemn certain lots situated within the corporate limits of the city for the site of a proposed elevated tank to be devoted to the storage of water for the use of the city and its inhabitants.

W. Harold Barbee and his wife, Virginia M. Barbee, who are herein called the interveners, forthwith filed a verified motion before the clerk of the Superior Court seeking leave to intervene in the proceeding as omitted claimants of an interest in the lots sought to be condemned. They alleged, in substance, that such lots and neighboring lots owned by them are located in a subdivision in which all property is restricted to residential uses under a general plan of development; that the building

restriction thus imposed on the lots sought to be condemned confers on them, as owners of neighboring lots in the subdivision, a property right in the nature of an easement in the lots sought to be condemned; that the condemnation of the lots and the erection of the proposed storage tank thereon will absolutely destroy such property right; and that in consequence they ought to be made parties to the proceeding so that they may protect their property right.

The petitioner opposed the motion of the interveners in an affidavit which stated that "it is expressly denied that they have any interest in the property . . . sought to be condemned in this proceeding."

The clerk of the Superior Court granted the motion, and the petitioner appealed to the judge, who entered this order:

"It is . . . ordered that W. Harold Barbee and wife be permitted to intervene and they are hereby made parties to this proceeding for the purpose of determining the value of their interest, if any, in the property of A. J. Edwards and wife by virtue of the restrictive covenants referred to and for that purpose only. The court further holds that any action by the interveners against the petitioner upon allegations of nuisance cannot be determined in this proceeding. The interveners are allowed 10 days . . . to file an answer to the petition, and the petitioner is allowed 10 days thereafter to set up by reply any defense it may have to the allegations of the interveners' answer."

The petitioner and the interveners excepted to the order of the judge, and appealed to the Supreme Court without filing the specified pleadings. The petitioner alleges in its assignment of error that the judge erred in permitting W. Harold Barbee and Virginia M. Barbee to intervene at all. The interveners assert, however, that the leave to intervene was proper, but that the judge erred in undertaking to specify in advance what their pleadings should allege and what legal positions they should take at subsequent stages of the proceeding.

*Paul F. Smith and Henry H. Sink for petitioner, appellant and appellee.*

*Ruark & Ruark and Joseph C. Moore, Jr., for interveners, appellants and appellees.*

ERVIN, J. This question arises at the threshold of plaintiff's appeal: Is an interlocutory order granting a motion to intervene in a condemnation proceeding appealable?

Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment. To this end, the statute defining the right of appeal prescribes, in substance,

that an appeal does not lie to the Supreme Court from an interlocutory order of the Superior Court, unless such interlocutory order deprives the appellant of a substantial right which he might lose if the order is not reviewed before final judgment. G.S. 1-277; *Veazey v. City of Durham,* 231 N.C. 357, 57 S.E. 2d 377; *Emry v. Parker,* 111 N.C. 261, 16 S.E. 236.

In permitting intervention in this cause, the court acted under the statutes regulating the procedure in condemnation proceedings. These statutes plainly imply that all persons "who own or have, or claim to own or have, estates or interests in the . . . real estate" sought to be taken for public use are to be made parties to the proceeding for its condemnation. G.S. 40-12; *Hill v. Mining Co.,* 113 N.C. 259, 18 S.E. 171. They do not provide, however, that the court is to try and determine the validity of a claim of ownership advanced by an omitted claimant before it permits him to intervene in the proceeding for the purpose of asserting his claim.

The interlocutory order authorizing intervention in this cause has decided nothing whatever against the petitioner. It merely grants leave to the interveners to become parties to this proceeding so that they may assert that they own an interest in the land sought to be condemned and are entitled to relief accordingly. It clearly contemplates that the validity of the claim of the interveners will be determined in a subsequent trial on the merits conforming to appropriate and established procedure in the event the pleadings of the parties raise issues of law or fact relating to the claim. Inasmuch as no pleadings bearing on the claim have been filed up to the present moment, no such issues have yet arisen.

We must assume that the Superior Court will adjudge the claim of the interveners to be invalid in case it appears at a trial on the merits that the claim is without basis either in law or in fact. There is certainly nothing in the record which indicates that the petitioner cannot fully protect whatever legal rights it may have by an appeal to the Supreme Court from an adverse decision of the Superior Court awarding the interveners relief on the merits.

These things being true, the interlocutory order allowing intervention does not deprive the petitioner of a substantial right which it may lose if the order is not reviewed before final judgment. In consequence, the plaintiff's appeal is fragmentary and premature.

This conclusion has explicit support in well considered decisions recognizing and enforcing the specific rule that an order granting a motion to intervene is not appealable. *Gammon v. Johnson,* 126 N.C. 64, 35 S.E. 185; *Bennett v. Shelton,* 117 N.C. 103, 23 S.E. 95. Moreover, it finds implicit sanction in the cases applying the general rule that ordinarily no appeal lies from an order granting a motion for the joinder of addi-

tional parties. *Colbert v. Collins,* 227 N.C. 395, 42 S.E. 2d 349; *Insurance Co. v. Motor Lines, Inc.,* 225 N.C. 588, 35 S.E. 2d 879; *Morgan v. Turnage Co.,* 213 N.C. 425, 196 S.E. 307; *Wilmington v. Board of Education,* 210 N.C. 197, 185 S.E. 767; *Barbee v. Cannady,* 191 N.C. 529, 132 S.E. 572; *Joyner v. Fiber Co.,* 178 N.C. 634, 101 S.E. 373; *Armfield Co. v. Saleeby,* 178 N.C. 298, 100 S.E. 611; *Etchison v. McGuire,* 147 N.C. 388, 61 S.E. 196; *Bernard v. Shemwell,* 139 N.C. 446, 52 S.E. 64; *Sprague v. Bond,* 111 N.C. 425, 16 S.E. 412; *Emry v. Parker, supra; Sneeden v. Harris,* 107 N.C. 311, 12 S.E. 205; *Lane v. Richardson,* 101 N.C. 181, 7 S.E. 710; *White v. Utley,* 94 N.C. 511.

The petitioner may preserve its exception to the order allowing intervention, and ask the Supreme Court to consider such exception in case it appeals from a final judgment of the Superior Court awarding the interveners relief on the merits. G.S. 1-278; *Bennett v. Shelton, supra; Emry v. Parker, supra.*

This brings us to the appeal of the interveners from the provisions of the order in which the court undertook to specify in advance what their pleadings should allege and what legal positions they should take at subsequent stages of the proceeding. As these matters were not before the court for decision at the time it granted leave to intervene, these provisions constitute *obiter dicta,* and are without binding force. For this reason, they do not impair any substantial right of the interveners, or warrant their appeal.

Appeal of petitioner dismissed.

Appeal of interveners dismissed.