C. M. BURGESS v. G. E. TREVATHAN.

(Filed 17 September, 1952.)

1. **Appeal and Error § 2—**

   Ordinarily, an appeal from an order allowing a motion for the joinder of an additional party will be dismissed as fragmentary and premature.

2. **Appeal and Error § 1—**

   Even where an appeal is dismissed as premature, the Supreme Court may exercise its discretionary power to express an opinion upon the question sought to be presented.

3. **Insurance §§ 24e, 51—**

   Where insured property is destroyed or damaged by the tortious act of another, the owner of the property has a single and indivisible cause of action against the tort-feasor for the total amount of the loss.

4. **Same—**

   When insurer pays insured either in full or in part for the loss of insured property, insurer is subrogated *pro tanto* in equity to the right of the insured against the tort-feasor causing the loss.

**5. Same—**

Where insurer pays the loss in full, the insurer is the real party in interest, G.S. 1-57, and must prosecute the action in its own name as a necessary party plaintiff to enforce its right of subrogation against the tort-feasor destroying the property. Even so, insured may be joined as a proper party, G.S. 1-68, since it cannot be ascertained until after verdict establishing the amount of damages whether insurer is the sole owner.

**6. Same—**

Where the insurance covers only a portion of the loss, insured is a necessary party plaintiff in any action against the tort-feasor and may recover the full amount of the loss without the joinder of the insurer, even though insured would hold the proceeds of the judgment as trustee for the benefit of insurer to the extent of the insurance paid, but nevertheless insurer is a proper party to such action and may be brought into the action at the instance of insurer or the tort-feasor in the exercise of the court's discretionary power to make new parties.

**7. Parties § 10a—**

It is the purport of the code of civil procedure that all persons having interests in the action either by way of rights or by way of liabilities be joined so that a single judgment may be rendered effectively determining all such rights and liabilities, and to this end the court has discretionary power to bring in additional parties plaintiff or defendant. G.S. 1-68, G.S. 1-69, G.S. 1-73.

APPEAL by plaintiff from *Williams, J.,* at April Term, 1952, of BEAUFORT.

Civil action wherein the owner of an insured automobile sues an alleged tort-feasor for injury to his person and damage to his automobile, and wherein the alleged tort-feasor seeks to bring into the case as an additional party an insurance company which has indemnified the owner for only a part of the damage to the automobile.

The American Security Insurance Company issued to the plaintiff, C. M. Burgess, a policy of motor vehicle insurance, insuring the plaintiff's Buick automobile against damage by collision. While the Buick was being driven by the plaintiff along a public highway in Pitt County, North Carolina, it struck a stray mule owned by the defendant, G. E. Trevathan. The collision resulted in personal injury to the plaintiff and damage to his automobile. The American Security Insurance Company forthwith paid the plaintiff the insurance money specified in the policy, but the amount of the insurance money was sufficient to cover only a portion of the damage to the Buick automobile. Subsequent to the payment of the insurance money, the plaintiff brought this action against the defendant to recover $500.00 for personal injury and $888.36 for damage to his automobile under a complaint alleging that such injury and damage proximately resulted from the negligent failure of the defendant to keep his mule from wandering on the highway. The defendant an-

swered, denying actionable negligence on his part and pleading contributory negligence on the part of the plaintiff. After the complaint and answer were filed, the defendant moved that the American Security Insurance Company be made a party plaintiff, and the presiding judge entered an order granting such motion. The plaintiff thereupon excepted and noted an appeal to the Supreme Court, assigning the entry of the order as error.

*Dan H. Jones and Martin V. Horton for the plaintiff, appellant.*
*Lewis & Rouse and Rodman & Rodman for the defendant, appellee.*

ERVIN, J. This appeal falls under the ban of the general rule that ordinarily an order allowing a motion for the joinder of an additional party is not appealable. In consequence, it must be dismissed. *Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669; *Colbert v. Collins,* 227 N.C. 395, 42 S.E. 2d 349; *Insurance Co. v. Motor Lines, Inc.,* 225 N.C. 588, 35 S.E. 2d 879; *Morgan v. Turnage Co.,* 213 N.C. 425, 196 S.E. 307; *Wilmington v. Board of Education,* 210 N.C. 197, 185 S.E. 767; *Barbee v. Cannady,* 191 N.C. 529, 132 S.E. 572; *Joyner v. Fiber Co.,* 178 N.C. 634, 101 S.E. 373; *Armfield Co. v. Saleeby,* 178 N.C. 298, 100 S.E. 611; *Etchison v. McGuire,* 147 N.C. 388, 61 S.E. 196; *Bernard v. Shemwell,* 139 N.C. 446, 52 S.E. 64; *Sprague v. Bond,* 111 N.C. 425, 16 S.E. 412; *Emry v. Parker,* 111 N.C. 261, 16 S.E. 236; *Sneeden v. Harris,* 107 N.C. 311, 12 S.E. 205; *Lane v. Richardson,* 101 N.C. 181, 7 S.E. 710; *White v. Utley,* 94 N.C. 511.

While this course must be pursued, we will nevertheless exercise our discretionary power to express an opinion upon the question which the plaintiff attempts to raise by his fragmentary and premature appeal. *Cement Co. v. Phillips,* 182 N.C. 437, 109 S.E. 257; *Bargain House v. Jefferson,* 180 N.C. 32, 103 S.E. 922; *Taylor v. Johnson,* 171 N.C. 84, 87 S.E. 981; *Jester v. Steam Packet Co.,* 131 N.C. 54, 42 S.E. 447; *S. v. Wylde,* 110 N.C. 500, 15 S.E. 5; *Guilford County v. The Georgia Company,* 109 N.C. 310, 13 S.E. 861.

This question is as follows: Where the owner of an insured automobile brings an action for damage to his automobile and injury to his person against the supposed tort-feasor whose negligence allegedly caused the damage and injury, may the court, on motion of the supposed tort-feasor, bring into the case as an additional party an insurance company which has indemnified the owner for only a part of the damage to the automobile?

Counsel for plaintiff insist with much earnestness that an insurance company which pays the insured only a part of his loss is not a proper party to an action brought by the insured against the tort-feasor causing

the loss, and that consequently the question ought to be answered in the negative. Upon the hearing of the motion in the court below, the presiding judge rejected this contention and answered the question in the affirmative. In our opinion, the ruling of the judge is correct.

When all is said, it is evident that counsel for the plaintiff, whose industry and zeal merit commendation, have misinterpreted certain decisions of this Court, and have been thus induced to take an unsound position on the question under consideration. The decisions, which are cited below, establish these indisputable propositions:

1. Where insured property is destroyed or damaged by the tortious act of another, the owner of the property has a single and indivisible cause of action against the tort-feasor for the total amount of the loss. *Insurance Co. v. Motor Lines, Inc., supra; Underwood v. Dooley,* 197 N.C. 100, 147 S.E. 646, 64 A.L.R. 656; *Powell v. Water Co.,* 171 N.C. 290, 88 S.E. 426, Ann. Cas. 1917 A, 1302.

2. When it pays the insured either in full or in part for the loss thus occasioned, the insurance company is subrogated *pro tanto* in equity to the right of the insured against the tort-feasor. *Insurance Co. v. R. R.,* 193 N.C. 404, 137 S.E. 309; *Ins. Co. v. R. R.,* 179 N.C. 255, 102 S.E. 417; *Insurance Co. v. Reid,* 171 N.C. 513, 88 S.E. 779; *Powell v. Water Co., supra; Insurance Co. v. R. R.,* 165 N.C. 136, 80 S.E. 1069; *Cunningham v. Railroad,* 139 N.C. 427, 51 S.E. 1029, 2 L.R.A. (N.S.) 921. See, also, in this connection: 29 Am. Jur., Insurance, section 1336, and 46 C.J.S., Insurance, section 1209.

3. Where the insurance paid the insured covers the loss in full, the insurance company, as a necessary party plaintiff, must sue in its own name to enforce its right of subrogation against the tort-feasor. This is true because the insurance company in such case is entitled to the entire fruits of the action, and must be regarded as the real party in interest under the statute codified as G.S. 1-57, which specifies that "every action must be prosecuted in the name of the real party in interest." *Insurance Co. v. Motor Lines, Inc., supra; Underwood v. Dooley, supra; Insurance Co. v. Lumber Co.,* 186 N.C. 269, 119 S.E. 362; *Powell v. Water Co., supra; Cunningham v. Railroad, supra; Insurance Co. v. Railroad Co.,* 132 N.C. 75, 43 S.E. 548.

4. Where the insurance paid by the insurance company covers only a portion of the loss, the insured is a necessary party plaintiff in any action against the tort-feasor for the loss. The insured may recover judgment against the tort-feasor in such case for the full amount of the loss without the joinder of the insurance company. He holds the proceeds of the judgment, however, as a trustee for the benefit of the insurance company to the extent of the insurance paid by it. The reasons supporting the rule stated in this paragraph are that the legal title to the right of action

against the tort-feasor remains in the insured for the entire loss, that the insured sustains the relation of trustee to the insurance company for its proportionate part of the recovery, and that the tort-feasor cannot be compelled against his will to defend two actions for the same wrong. *Ins. Co. v. R. R., supra* (179 N.C. 255, 102 S.E. 417) ; *Powell v. Water Co., supra; Insurance Co. v. R. R., supra* (165 N.C. 136, 80 S.E. 1069). See, also, in this connection: 29 Am. Jur., Insurance, section 1358, and 46 C.J.S., Insurance, section 1211.

These things being true, the decisions cited furnish plenary support for the proposition that an insurance company indemnifying the insured for only a part of the loss is not a necessary party to an action brought by the insured against the tort-feasor to recover the full amount of the loss. But they are not authority for the plaintiff's contention that the insurance company in such case is not a proper party to such action. Indeed, two of them, to wit, *Insurance Co. v. Motor Lines, Inc.,* and *Ins. Co. v. R. R.* (179 N.C. 255, 102 S.E. 417) sanction by implication at least the observation of that great master of North Carolina procedural law, Professor Atwell Campbell McIntosh, that "there would seem to be no valid objection to joining the insured and the insurer as parties under the general provision for the joinder of· parties, so that all interested parties could be before the court." McIntosh on North Carolina Practice and Procedure in Civil Cases, section 218.

The soundness of Professor McIntosh's observation is obvious if due heed is paid to the relevant statutes. The code of civil procedure is bottomed on the basic concept that a court ought to bring before it as parties in a particular action all persons who may have interests either by way of rights or by way of liabilities in the subject matter of the action so that a single judgment may be rendered effectually determining all such rights and liabilities for the protection of all concerned. It provides in express terms that "all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs, either jointly, severally, or in the alternative" (G.S. 1-68) ; and that "all persons may be made defendants, jointly, severally, or in the alternative, who have, or claim, an interest in the controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the questions involved." G.S. 1-69.

Since an insurance company which pays the insured for a part of the loss is entitled to share to the extent of its payment in the proceeds of the judgment in the action brought by the insured against the tort-feasor to recover the total amount of the loss, it has a direct and appreciable interest in the subject matter of the action, and by reason thereof is a proper party to the action. *Assurance Society v. Basnight,* 234 N.C. 347, 67 S.E. 2d 390; 67 C.J.S., Parties, section 1. This being so, the insurance com-

pany in such case may be brought into the action by the court in the exercise of its discretionary power to make new parties at the instance of the insured or the tort-feasor either in the capacity of an additional plaintiff who has an interest in the subject of the action and in obtaining the relief demanded in it, or in the capacity of an additional defendant whose presence is necessary to a complete determination of the rights of all persons who may have an interest in the result of the litigation. G.S. 1-73; *Insurance Co. v. Motor Lines, Inc., supra; Lake Erie & W. R. Co. v. Falk,* 62 Ohio St. 297, 56 N.E. 1020; *Barnhill v. Brown,* 58 Ohio App. 188, 16 N.E. 2d 478. Undoubtedly the more effective procedure in such situation is for the party desiring to bring the insurance company into the action to move that it be made an additional party defendant and required to answer, setting up its claim arising through subrogation. *Schaller v. Chapman* (Ohio App.), 66 N.E. 2d 266.

We deem it not amiss to observe in closing that the insured may be properly joined as a party defendant under G.S. 1-69 even in an action where the insurance company sues the tort-feasor to enforce subrogation on the theory that the insured has been indemnified by it for the full amount of the loss. This is true because "it frequently is not ascertainable until the verdict establishes the amount of the damages whether insurer is the sole or partial owner of the cause of action, since, if the amount of damages set by the jury is less than the insurance paid, insurer is the sole owner, whereas, if the amount is greater, insurer is only a partial owner." *Patitucci v. Gerhardt,* 206 Wis. 358, 240 N.W. 385.

Appeal dismissed.