CITY OF ELIZABETH CITY (ORIGINAL PLAINTIFF) AND FARM BUREAU
   MUTUAL AUTOMOBILE INSURANCE COMPANY (ADDITIONAL PARTY)
   v. RICHARD N. HOOVER AND MRS. NEVA HOOVER.

(Filed 2 March, 1955.)

**1. Insurance § 51: Parties § 10a—**

   The trial court has discretionary power, upon motion of defendant, to
   join as an additional party plaintiff the insurance company which had
   paid part of plaintiff's loss sustained in the collision in suit.

**2. Appeal and Error § 7—**

   The question of the sufficiency of the evidence to justify the submission
   of an issue to the jury must be properly raised in the trial court and may
   not be presented for the first time on appeal, and where there is no excep-
   tion to the submission of the issue of contributory negligence and no re-
   quest for instructions thereon, appellant may not challenge the sufficiency
   of the evidence to support the verdict of the jury on that issue, notwith-
   standing formal motion to set aside the verdict on that issue as being
   contrary to the law and the evidence.

**3. Trial § 49—**

   Motions to set aside the verdict as being contrary to the law and the
   evidence on the ground of the insufficiency of the evidence to support the
   verdict are addressed to the discretion of the trial court, and denials of
   the motions are not subject to review when no abuse of discretion is shown.

APPEAL by plaintiffs from *Grady, Emergency Judge,* at October Term,
1954, of PASQUOTANK.

Civil action in tort involving collision of two motor vehicles—one a
police car belonging to the plaintiff City of Elizabeth City, the other a
passenger car driven by the defendant Richard N. Hoover.

The action was originally instituted by the plaintiff city to recover for
damage to its police car in the alleged amount of $900. At a term of
court prior to trial, it was made to appear that Farm Bureau Mutual
Automobile Insurance Company was interested in the litigation as sub-
rogee to the extent of $711.25, the amount paid by it under its policy of
insurance on the police car. Whereupon, on motion of the defendants,
Judge Nimocks, then presiding, entered an order making the Insurance
Company a party. Exception.

When the case came on for trial, issues of negligence and contributory
negligence were submitted to the jury. Both issues were answered in the
affirmative, and from judgment entered on the verdict decreeing that the
plaintiffs take nothing by their action, they appealed.

*LeRoy & Goodwin for plaintiffs, appellants.*
*John H. Hall for defendants, appellees.*

JOHNSON, J.   Plaintiffs by their first assignment of error challenge the order making the original plaintiff's insurance carrier a party to the action.   The assignment is without merit.   The order bringing in the Insurance Company was entered in the exercise of the court's discretion as allowed by the rule explained and applied in *Burgess v. Trevathan,* 236 N.C. 157, 72 S.E. 2d 231.

Next, the plaintiffs seek to challenge the sufficiency of the evidence to support the verdict of the jury as to the issue of contributory negligence. However, this question is not presented by the record.   There was no exception to the submission of the issue and no requested instruction thereon.   The question as to the sufficiency of the evidence to justify the submission of an issue to the jury may not be raised for the first time on appeal.   *Burcham v. Wolfe,* 180 N.C. 672, 104 S.E. 651; 3 Am. Jur., Appeal and Error, section 384.

Here there was only the formal motion to set the verdict aside as being contrary to the law and the evidence, and a like motion to set the verdict aside on the issue of contributory negligence.   These motions were addressed to the discretion of the court and, on this record, no abuse of discretion having been shown, the denials of the motions are not subject to review.   No error of law has been made to appear.   *Braid v. Lukins,* 95 N.C. 123.

Our examination of the other exceptions brought forward discloses no error of law.   The verdict and judgment will be upheld.

No error.