BILLY AND DIANE HOWARD v. SMOKY MOUNTAIN ENTERPRISES, INC.

No. 8428SC899

(Filed 16 July 1985)

Insurance § 145— destruction of house—settlement with insurance company—addition of insurance company as party

  In an action arising from a house fire allegedly caused by a defective woodstove and in which plaintiffs' insurer, with whom they had settled, had been joined as a party plaintiff, the trial court did not commit prejudicial error by prohibiting the mention of the insurance company as a party plaintiff during *voir dire*; excluding any reference to the insurance company by name even though it allowed evidence of the existence of insurance, proofs of loss, and the terms of the settlement; preventing defendant from commenting during closing argument on the unnamed insurance company's failure to produce the defective stove at trial; and allowing on redirect examination the terms of plaintiffs' settlement and the basic theory of a subrogation action. G.S. 1A-1, Rule 41, G.S. 1-57.

APPEAL by defendant from *C. Walter Allen, Judge.* Judgment entered 3 May 1983 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 16 April 1985.

*Morris, Golding and Phillips, by Thomas R. Bell, Jr. and James N. Golding, for plaintiff appellees.*

*Harrell and Leake, by Larry Leake, for defendant appellant.*

BECTON, Judge.

On 5 December 1979 the plaintiffs' house and personal belongings were substantially damaged, when a burning log set their house on fire. The plaintiffs, Billy Howard and his wife, Diane, filed this property damage action to recover $127,000 in damages from the Buck Stove dealer, Delta Buck Stoves, Inc. (Delta), and from the woodstove manufacturer, the defendant Smoky Mountain Enterprises, Inc. (Smoky Mountain), alleging that the defective Buck Stove door latch was responsible for the fire damage. The door latch had given way and released the burning log from the woodstove onto the floor.

Pursuant to Rule 41 of the North Carolina Rules of Civil Procedure, the Howards took a voluntary dismissal without prejudice against Delta. In its Answer, the co-defendant, Smoky Mountain, asked the trial court to dismiss the action, based on allegations that the Howards had been fully compensated for their loss by their insurance company, North Carolina Farm Bureau Mutual Insurance Company (Farm Bureau), and were, therefore, no longer the real parties in interest. The Howards had settled with Farm Bureau for $88,000 on a property loss claim for $102,000 that they had submitted to Farm Bureau. Later, Smoky Mountain renewed its motion to dismiss or, in the alternative, to join Farm Bureau as a necessary party plaintiff under Rule 19 of the North Carolina Rules of Civil Procedure. The trial court denied the motion to dismiss and instead ordered the joinder of Farm Bureau as a party plaintiff. However, in its order the trial court prohibited any reference to Farm Bureau as a party plaintiff during jury *voir dire*. Moreover, it specifically deferred ruling on the admissibility of the existence and terms of the settlement between the Howards and Farm Bureau.

Shortly after the trial began, the trial court allowed the Howards' motion to amend their Complaint to allege: (1) that Smoky Mountain, rather than Delta, sold them the defective Buck Stove, and (2) that this was a subrogation action. From a jury verdict awarding the Howards $110,000 in damages, Smoky Mountain appeals.

Smoky Mountain brings forward several assignments of error, attacking the trial court's evidentiary rulings and the suffi-

ciency of the evidence. After reviewing the record, we conclude that it is only necessary to address some of the contested evidentiary rulings. We find no error in this trial.

I

The trial court prohibited Smoky Mountain from mentioning during jury *voir dire* that Farm Bureau was a party plaintiff; it excluded any reference to Farm Bureau by name on cross-examination, although it allowed evidence of the existence of insurance, the proofs of loss and the terms of the settlement agreement; and it prevented Smoky Mountain from commenting during closing argument on the unnamed insurance company's (Farm Bureau's) failure to produce the defective stove at trial.

We agree with Smoky Mountain that Farm Bureau's identity was admissible, once Farm Bureau was joined as a party plaintiff; however, we fail to find any prejudicial error. Moreover, none of Smoky Mountain's proposed jury *voir dire* questions regarding the insurance company's identity, are included in the record.

Because all the details of the Howards' insurance settlement negotiations with Farm Bureau, except for Farm Bureau's name, were elicited and admitted on cross-examination, we likewise find no prejudicial error in the trial court's decision to exclude any reference to the insurance company by name on cross-examination.

Further, there was insufficient evidence to support Smoky Mountain's proposed closing argument that the unnamed insurance company (Farm Bureau) was responsible for the absence of the woodstove at trial. Significantly, Smoky Mountain was permitted to *suggest* complicity: "Where is the stove? Why isn't it here? . . . I don't know what that stove might have told us. . . . But it seems odd to me that you and those fellows helping you did not keep that stove."

Finally, we conclude that since the Howards, as the real parties in interest, could properly have prosecuted this action alone, N.C. Gen. Stat. Sec. 1-57 (1983), there was no prejudicial error in excluding Farm Bureau's name. Farm Bureau was not a Rule 19 necessary party plaintiff, although the trial court ordered Farm Bureau's joinder on Smoky Mountain's Rule 19 motion. An insurance company is only a necessary party plaintiff when it has

compensated the insured for the insured's entire loss. *Shambley v. Jobe-Blackley Plumbing and Heating Co.*, 264 N.C. 456, 142 S.E. 2d 18 (1965); *Burgess v. Trevathan*, 236 N.C. 157, 72 S.E. 2d 231 (1952); N.C. Gen. Stat. Sec. 1A-1, Rule 19 and cases cited (1983) (continued applicability of prior case law distinguishing between necessary and proper parties). *See also* Annot., 13 A.L.R. 3d 229 (1967). In *Shambley* the Court held that an insured who has been fully compensated for its property damage by an insurance company is not the real party in interest in a property damage action to recover *the same amount*. The insurance company's *complete* payment to the insured eliminates the insured as the real party in interest in the action to recover for the loss and substitutes the compensating insurance company in its place. *Id.* However, the Howards have not been fully compensated by Farm Bureau. In their Complaint, they sought $127,000 in damages — $39,000 more than their settlement with Farm Bureau and $25,000 more than the original claim submitted to Farm Bureau. They were, therefore, real parties in interest at the time of trial. Admittedly, Farm Bureau had an appreciable interest in the action. As the *Burgess* Court held, it is not error to join, as a proper party plaintiff to the action, an insurance company that has partially paid the insured for the insured's loss, N.C. Gen. Stat. Sec. 1A-1, Rule 20 (1983) (permissive joinder), but the insurance company's presence in the action is not required. *See* Annot., 13 A.L.R. 3d 140 (1967). Absent joinder, the insured acts as trustee for the insurance company's share of the proceeds in the action. *Burgess.*

Smoky Mountain contends that the trial court erred in allowing the Howards to "elaborate at great length about this cause being a subrogated action, and as to why the [Howards] settled with their insurance carrier for a sum substantially less than the limits of their policy." We are not persuaded.

After ruling that Smoky Mountain could cross-examine the Howards on their insurance settlement with Farm Bureau, the trial court allowed the Howards to amend their Complaint to allege that this was a subrogation action. In doing so, the trial court was apparently trying to counter any inferences from cross-examination that the Howards were only entitled to the settlement amount or that they were seeking a double recovery. The Howards were thus properly permitted to explain on re-direct the terms of their settlement with Farm Bureau, and the basic theory

of a subrogation action—the reimbursement of the insurance company for any paid claims from the damages awarded in the action.

## II

We summarily dispose of Smoky Mountain's remaining assignments of error. They are without merit.

No error.

Judges WEBB and PARKER concur.