IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-811

Filed 19 November 2024

Office of Administrative Hearings, No. 22 OSP 02817

WILLIAM T. CULPEPPER, III, Petitioner,

v.

OFFICE OF ADMINISTRATIVE HEARINGS, Respondent.

Appeal by petitioner from decision filed 25 March 2024 by Administrative Law Judge Beecher R. Gray in the Office of Administrative Hearings ("OAH").

*No brief filed for petitioner.*

*No brief filed for respondent.*

PER CURIAM.

On 17 September 2024, Respondent Office of Administrative Hearings ("Respondent OAH") moved that the appeal of Petitioner William T. Culpepper, III, in this matter be dismissed. For the reasoning below, we conclude that Petitioner's appeal is interlocutory and otherwise not ripe for review at this time. Accordingly, we file this order by opinion granting OAH's motion to dismiss Petitioner's appeal as being interlocutory.

I.    Background

Petitioner has filed three sets of claims in a contested case in the OAH. Petitioner contends that any direct appeal from a decision in the OAH regarding two

of his claims is to the superior court but that any direct appeal from a decision in the OAH regarding his third claim is to our Court.

Respondent OAH moved to dismiss Petitioner's claims. By decision entered 25 March 2024, the administrative law judge dismissed Petitioner's second and third claims with prejudice; however, she allowed Petitioner's first claim to proceed in the OAH.

On 24 April 2024, Petitioner noticed an appeal to our Court on the dismissal of his third claim. Respondent OAH moved to dismiss the appeal, contending that the appeal was from an interlocutory order.

## II.    Analysis

"Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment." *City of Raleigh v. Edwards*, 234 N.C. 528, 529 (1951). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. City of Durham*, 231 N.C. 357, 361−62 (1950).

Generally, an *interlocutory* order may be appealed only where the trial judge has certified its order for immediate review, pursuant to N.C.G.S. § 1A-1, Rule 54, or where the order "deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment." *North Carolina Consumers Power, Inc. v. Duke Power Co.*, 285 N.C. 434, 437 (1974) (construing N.C.G.S. § 1-

277).

Petitioner's first claim is still pending before the OAH. Petitioner, however, noticed an appeal to our Court from the OAH's dismissal of his third claim at this time. He contends that the appeal is a "final judgment," as his third claim is the only claim that has a direct appeal to our Court. We conclude that his appeal is interlocutory and remains interlocutory as long as either his first or second claim is pending at the OAH or in the superior court.

Alternatively, Petitioner also argues that his appeal is from an order which affects a substantial right, namely his right to appeal from the dismissal by the administrative law judge of his third claim. He contends that his right to appeal could be lost if not appealed at this time, as "he would run the very real risk of the Court of Appeals subsequently finding that such right of appeal had been lost." We, however, conclude that Petitioner's right to appeal the dismissal of his third claim would not be lost if not appealed at this time. Rather, he may appeal that dismissal when his other claims are no longer pending at the OAH or in the superior court.

APPEAL DISMISSED.

Panel consisting of Chief Judge DILLON and Judges WOOD and STADING.