FABER INDUSTRIES, LTD. v. DORI LEEDS WITEK (FORMERLY DORI LEEDS),
INDIVIDUALLY AND D/B/A BLIND AMBITIONS

No. COA96-768

(Filed 15 April 1997)

**Guaranty § 13 (NCI4th)— guaranty of payment—inapplicable to subsequent business owners**

A guaranty of payment of the debts of the guarantor "dba Blind Ambitions" did not apply to debts incurred by subsequent owners of the business operating under the name "Blind Ambitions."

**Am Jur 2d, Guaranty §§ 26 et seq.**

**Liability of lessee's guarantor or surety beyond the original period fixed by lease. 10 ALR3d 582.**

**Conflict of laws: what law governs validity and construction of written guaranty. 72 ALR3d 1180.**

Appeal by plaintiff from order entered 18 April 1996 in Durham County Superior Court by Judge Ronald L. Stephens. Heard in the Court of Appeals 26 February 1997.

*Spears, Barnes, Baker, Wainio, Brown & Whaley, by Philip A. Mullins IV, for plaintiff-appellant.*

*Jordan, Price, Wall, Gray & Jones, L.L.P., by Paul T. Flick and Laura J. Wetsch, for defendant-appellee.*

GREENE, Judge.

Faber Industries, Ltd. (Faber) filed suit on 18 October 1995 against Dori Leeds Witek (Dori Leeds) seeking to recover monies owed pursuant to a guaranty agreement. Both parties motioned for summary judgment and submitted affidavits and on 18 April 1996 the trial court entered summary judgment for Dori Leeds and denied summary judgment for Faber. Faber appeals from this order.

The evidence, considered in the light most favorable to Faber, *Brice v. Moore*, 30 N.C. App. 365, 367, 226 S.E.2d 882, 883 (1976), shows that on 1 August 1987 Dori Leeds signed a "Guaranty of Credit" (Agreement) with Sun Control Systems guaranteeing "the prompt payment, when due of every claim of [Sun Control Systems] which

may hereafter arise in favor of [Sun Control Systems] against [Dori Leeds dba 'Blind Ambitions']." At the time of the execution of the Agreement, Blind Ambitions was in the business of installing window treatments and installed only "Faber" brand blinds which were purchased from Sun Control Systems. In the spring of 1991 Sun Control Systems sold and assigned its assets, including the Agreement, to Faber. At the time the debt at issue was incurred (in 1994 and 1995), Dori Leeds had no interest in the business, as David and Judith Leeds were the owners of the business and operating under the name of Blind Ambitions. Faber notified Dori Leeds of the debt and its intent to seek collection of that account pursuant to the Agreement. Dori Leeds refused to pay.

The issue is whether Dori Leeds is liable, pursuant to the Agreement, to Faber for the debts incurred by David and Judith Leeds doing business as Blind Ambitions.[1]

"A guaranty of payment is an absolute promise to pay the debt of another if the debt is not paid by the principal debtor." *Amoco Oil Co. v. Griffin*, 78 N.C. App. 716, 718, 338 S.E.2d 601, 602, *cert. denied*, 316 N.C. 374, 342 S.E.2d 889 (1986). "The enforceability of the guarantor's promise is determined primarily by the law of contracts." *Id.* Where the terms of a guaranty contract are clear and unambiguous, its terms "are to be taken and understood in their plain, ordinary and popular sense." *Taylor v. Gibbs*, 268 N.C. 363, 365, 150 S.E.2d 506, 506 (1966) (court cannot ignore or insert words in an unambiguous contract).

In this case, the dispute centers upon the identity of the principal debtor whose debt Dori Leeds was guaranteeing in the Agreement. Faber argues that Dori Leeds guaranteed the debts of Blind Ambitions, without regard to the ownership of the business at the time the debt was incurred. We disagree. The plain and unambiguous language of the Agreement provides that Dori Leeds guaranteed only the debts incurred by Dori Leeds at a time she was doing business as Blind Ambitions. *Peirson v. American Hardware Mut. Ins. Co.*, 248 N.C. 215, 221, 102 S.E.2d 800, 804-05 (1958) ("DBA" means "doing business as"). The addition of the words "dba Blind Ambitions" did not expand Dori Leeds' liability because the use of these words did not create an entity distinct from Dori Leeds. 57 Am. Jur. 2d, *Name*

---

1. The appeal from the denial of Faber's motion for summary judgment is not properly before this Court and will not be addressed. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) (dismissing appellant's appeal from the denial of a summary judgment motion).

§ 64 (1988). Thus she did not guarantee the debts of Blind Ambitions and any debt incurred by someone other than Dori Leeds doing business as Blind Ambitions is not an obligation subject to collection under the Agreement. The evidence is undisputed that the debt at issue in this case was incurred by David and Judith Leeds doing business as Blind Ambitions. It follows that Dori Leeds has no obligation under the Agreement to pay this debt and summary judgment was correctly entered dismissing Faber's claim.

Affirmed.

Judges WALKER and McGEE concur.