ROBERT MURDOCK, JR., BEVERLY MURDOCK, DAVID W. KEESEE, SUSAN H. KEESEE, ELAINE J. FOSTER, AND JAMES FOSTER, PLAINTIFFS v. CHATHAM COUNTY, A NORTH CAROLINA COUNTY AND A BODY CORPORATE AND POLITIC, AND ITS MEMBERS IN THEIR OFFICIAL CAPACITIES: BUNKEY MORGAN, TOMMY EMERSON, PATRICK BARNES, MICHAEL CROSS, AND CARL H. OUTZ, THE CHATHAM COUNTY BOARD OF ADJUSTMENT AND THE MEMBERS THEREOF IN THEIR OFFICIAL CAPACITIES: CARL E. THOMPSON, GEORGE LUCIER, PATRICK BARNES, ALLEN MICHAEL CROSS, AND TOM VANDERBECK, DEFENDANTS v. LEE-MOORE OIL COMPANY, INTERVENOR

No. COA08-809

(Filed 21 July 2009)

**1. Zoning— subject matter jurisdiction—failure to plead— waivability of ordinance**

The trial court did not err in a rezoning case by granting plaintiffs' motion for summary judgment in case 06 CVS 924 because: (1) even though intervenor contends the trial court lacked subject matter jurisdiction to consider plaintiffs' argument that the thirty-day provision of Section 17.3(A) has been violated, the time within which an act is to be done is computed in the manner prescribed by N.C.G.S. § 1A-1, Rule 6(a); the county Board of Commissioners conducted a public hearing less than thirty days after the filing of the rezoning request in violation of provisions of the county zoning ordinance when the time is computed in accordance with Rule 6(a); a planning board or official had no authority to modify the provisions of a state statute by interpretation, and plaintiffs were not required to appeal this interpretation to the Board of Adjustment; (2) although intervenor contends that the trial court erred in invalidating the rezoning since plaintiffs failed to plead a violation of the thirty-day provision until their trial brief, an affidavit was filed on 4 June 2007 placing the planning department calendar and the rationale for setting the filing deadline of 21 August 2006 before the trial court, and it has long been the law in North Carolina that in granting or denying a motion for summary judgment under N.C. Gen. Stat. § 1A-1, Rule 56, the trial court may consider the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits which are before the court; and (3) although intervenor contends the county could waive compliance with the thirty-day filing deadline since the provision was adopted solely for the convenience of the planning department, the ordinance has the force of law and cannot be waived by the county, the language in the ordinance as to the

thirty-day provision was mandatory, and the county could not amend its zoning ordinance.

**2. Cities and Towns— standing—change in property boundaries**

Plaintiffs had standing in a zoning case to challenge the decision of county commissioners sitting as the Board of Adjustment upholding the decision of the planning director to modify the official zoning map in case 06 CVS 821 because: (1) plaintiffs' first amended petition in case 06 CVS 821 alleged that petitioners were aggrieved parties who have and will suffer special damages distinct from the community at large from the decision of the Planning Director in the form of injuries to their property values and to their use and enjoyment of their properties, and these allegations were sufficient to meet the requirements of notice pleading; and (2) even though intervenor contends the Planning Director property modified the official zoning map since the metes and bounds description of the pertinent twenty-acre tract was rezoned to B-1 in 1974 and contained manifest errors, both the enabling legislation and the county zoning ordinance explicitly stated that the Board of Adjustment was to interpret the zoning maps and not the Planning Director acting alone, and Section 17.1 of the Ordinance further stated that a zoning amendment was required to extend the boundary of an existing zoning district or to rezone an area to a different zoning district.

**3. Appeal and Error— cases inextricably linked—issue not reached**

A conditional use permit (CUP) case in 06 CVS 925 was not reached because as the trial court stated, and intervenor conceded, the rezoning case and the CUP case were inextricably linked. Without the rezoning of the property from B-1 to CU-B-1, there could be no CUP issued.

Appeal by Intervenor from judgment and orders entered 14 August 2007 by Judge Kenneth C. Titus in Chatham County Superior Court. Heard in the Court of Appeals 29 January 2009.

*Lewis, Anderson, Phillips' & Hinkle, PLLC, by J. Dickson Phillips, III; Bagwell, Holt, Smith, Tillman & Jones, P.A., by Nathaniel C. Smith; and The Brough Law Firm, by Robert E. Hornik, Jr., for plaintiffs-appellees.*

*Smith Moore Leatherwood LLP, by James G. Exum, Jr., Thomas E. Terrell, Jr., and Travis W. Martin, for intervenor-appellant.*

**MURDOCK v. CHATHAM CNTY.**

[198 N.C. App. 309 (2009)]

STEELMAN, Judge.

Chatham County's Zoning Ordinance has the force of law; therefore, its provisions cannot be waived. A county planning board or official has no authority to modify the provisions of the Zoning Ordinance by interpretation. Chatham County was required to follow the correct procedural specifications, which required a thirty-day period between the filing of a proposed amendment and the hearing dates in amending its Zoning Ordinance. Plaintiffs had standing to challenge the Chatham County Board of Commissioners decision because they have presented sufficient evidence as to the specific manner in which they would suffer damages distinct or unique from the community at large. The Chatham County Planning Director had no authority to unilaterally amend the zoning map.

## I. Factual and Procedural Background

Intervenor-Appellant, Lee-Moore Oil (LMO), owns a sixty-three acre tract in Chatham County. Plaintiffs own tracts of land directly adjacent to, or located in proximity to, the sixty-three acres. Since 1974, approximately twenty acres of the property was zoned for General Business (B-1), with the remaining acreage zoned Residential-Agricultural (RA-40). On 21 August 2006, LMO filed a request with Chatham County to rezone 29.37 acres of the property from General Business (B-1) and Residential-Agricultural (RA-40) to Conditional Use General Business (CU-B-1), and to rezone 3.78 acres from General Business (B-1) to Residential-Agricultural (RA-40). On the same date, LMO filed a request for a conditional use permit (CUP) for the 29.37 acre portion of their property for a "home improvement center and other retail stores and personal service shops[.]"

Approximately twenty acres of LMO's property was zoned B-1 since 1974. At that time, the official zoning map of Chatham County was based upon 1955 aerial photos. In 1988, Chatham County adopted a new zoning map based upon a series of aerial photographs with property boundaries and zoning district lines superimposed upon the photographs. This was the official zoning map as of 2006. In reviewing LMO's 2006 requests, the Planning Director for Chatham County determined that the legal descriptions of the B-1 portion of LMO's property contained in the 1974 original zoning application did not match the official zoning map. After discussing the matter with a representative of LMO, the Planning Director modified the official zoning map to conform with the legal description contained in the 1974 zoning application. This resulted in an increase in the acreage of the por-

tion of LMO's property zoned as B-1 to about thirty acres. LMO subsequently modified the maps contained in its 2006 rezoning and CUP requests to reflect this modification.

On 19 September 2006, the Board of Commissioners held a public hearing on LMO's requests. The Planning Director announced the change to Chatham County's official zoning map and that LMO had amended its requests the previous day to conform to the new zoning map. Plaintiffs contended that the requests for rezoning and a conditional use permit were received less than thirty days prior to the hearing, and they had no notice of the change to the official zoning map.

Plaintiffs appealed the Planning Director's change to the official zoning map to the Board of Adjustment on 17 October 2006. In Chatham County, the Board of Commissioners serves as the Board of Adjustment. On 6 November 2006, the Board of Adjustment rejected this appeal.

On 20 November 2006, the Board of Commissioners approved LMO's requests for rezoning and granted a conditional use permit. Plaintiffs sought a review of the Board of Adjustment decision by Petition for Writ of Certiorari to the Superior Court in case number 06 CVS 821. Plaintiffs appealed the Board of Commissioners decisions to Superior Court, by Petition for Writ of Certiorari with respect to the CUP in case number 06 CVS 925 and a declaratory judgment action challenging the rezoning decision in case number 06 CVS 924. The record shows that by order dated 15 February 2007, LMO was allowed to intervene in case 06 CVS 925.

On 14 August 2007, the trial court filed its rulings in each of the three cases. In the Board of Adjustment case (06 CVS 821), the trial court held that under the provisions of the Chatham County Zoning Ordinance, the Planning Director was not authorized to unilaterally modify the official zoning map. In the rezoning case (06 CVS 924), the trial court granted plaintiffs' motion for summary judgment, holding that Chatham County conducted the public hearing less than thirty days after filing of the request, in violation of the provisions of the Chatham County Zoning Ordinance. In the CUP case (06 CVS 925), the trial court set aside the CUP for failure of Chatham County to make findings of fact to support the issuance of the permit and because the zoning ordinance did not permit LMO to use the RA-40 portions of its property for sewer and storm water facilities.

On 22 August 2007, LMO filed amended motions requesting that the trial court reconsider each of its rulings. On 31 December 2007, the trial court denied each of these motions.

Intervenor appeals.

## II. Summary Judgment in the Rezoning Case

[1] In its first argument, LMO contends that the trial court erred in granting plaintiffs' motion for summary judgment in case 06 CVS 924. We disagree.

### A. Standard of Review

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2007). The moving party bears the burden of demonstrating the lack of triable issues of fact. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972). On appeal from summary judgment, "[w]e review the record in the light most favorable to the non-moving party." *Bradley v. Hidden Valley Transp., Inc.*, 148 N.C. App. 163, 165, 557 S.E.2d 610, 612 (2001) (citing *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975)), *aff'd*, 355 N.C. 485, 562 S.E.2d 422 (2002)).

### B. Subject Matter Jurisdiction

LMO contends that the trial court lacked subject matter jurisdiction to consider plaintiffs' argument that the thirty-day provision of Section 17.3(A) had been violated.

This issue is raised for the first time on appeal. "Although our Rules of Appellate Procedure require an appellant to list assignments of error in the record on appeal, N.C.R. App. P. 10(c)(1), the issue of subject matter jurisdiction may be raised at any time, even on appeal." *Huntley v. Howard Lisk Co.*, 154 N.C. App. 698, 700, 573 S.E.2d 233, 235 (2002) (citation omitted), *disc. review denied*, 357 N.C. 62, 579 S.E.2d 389 (2003).

LMO argues that in December of 2005, the Chatham County Planning Board adopted a calendar for 2006, which set forth dates for the submission of requests to the Planning Department in order for matters to be scheduled for public hearing before the County Commissioners. This calendar indicated that for matters to be con-

sidered at the 18 September 2006 meeting, they had to be filed with the Planning Department by 21 August 2006.

Section 17.3(A) provides:

All applications for amendments to this Ordinance shall be in writing, signed and filed with the Planning Department.

. . .

Completed applications shall be received a minimum of 30 days prior to the public hearing at which the proposed amendment is scheduled to be heard[.]

LMO contends that the "calendar" constituted an "interpretation" of the provisions of the Zoning Ordinance, and that prior to filing their complaint in Superior Court, plaintiffs were required to appeal this "interpretation" to the Chatham County Board of Adjustment pursuant to section 16.4 of the Chatham County Zoning Ordinance. This argument, of necessity, must be based upon the flawed premise that the Planning Board and staff are free to "interpret" the time requirements for filing to mean whatever they want it to mean: in this case, that thirty days can mean twenty-eight days.

The affidavit of Keith Megginson (Megginson), Planning Director for Chatham County, was filed with the trial court explaining why the Planning Board set Monday, 21 August 2006, as the filing date for matters to be heard by the Commissioners on 18 September 2006. The rationale was that thirty days would have fallen on a Saturday, 19 August 2006, and the filing date was moved up to the next Monday.

The manner in which time is to be computed in North Carolina is set forth by statute. "The time within which an act is to be done, as provided by law, shall be computed in the manner prescribed by Rule 6(a) of the Rules of Civil Procedure." N.C. Gen. Stat. § 1-593 (2007). Rule 6(a) provides:

The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday when the courthouse is closed for transactions, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday when the courthouse is closed for transactions.

N.C. Gen. Stat. § 1A-1, Rule 6(a) (2007).

· This Rule is to be applied by counting backward from the day when an act must be performed. *Harris v. Latta*, 298 N.C. 555, 558,

259 S.E.2d 239, 241 (1979). Thirty days from 18 September 2006 is 19 August 2006. Because that date fell on a Saturday, the filing had to be on 18 August 2006 to meet the requirement of thirty days. A planning board or official has no authority to modify the provisions of a state statute by "interpretation." Plaintiffs were not required to appeal this "interpretation" to the Board of Adjustment. The trial court had jurisdiction to hear this matter.

This argument is without merit.

### B.  Plaintiffs Failure to Plead

Next, LMO contends that the trial court erred in invalidating the rezoning because plaintiffs failed to plead a violation of the thirty-day provision contained in Section 17.3(A). LMO contends that plaintiffs did not raise this issue until their trial brief.

The affidavit of Megginson was filed on 4 June 2007 in opposition to plaintiffs' motion for summary judgment. This affidavit placed the Planning Department calendar, and the rationale for setting the filing deadline of 21 August 2006, before the trial court. At the hearing on plaintiffs' motion for summary judgment, all parties argued the merits of the violation of the thirty-day provision. LMO also briefed the issue to the trial court, and plaintiffs specifically consented to its submission.

"It has long been the law in North Carolina that in granting or denying a motion for summary judgment under N.C. Gen. Stat. § 1A-1, Rule 56, the trial court may consider 'the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits . . .' which are before the court." *Harter v. Vernon,* 139 N.C. App. 85, 95, 532 S.E.2d 836, 842 (2000) (citation omitted), *disc. review denied,* 353 N.C. 263, 546 S.E.2d 97 (2000), *cert. denied,* 532 U.S. 1022, 149 L. Ed. 2d 757 (2001). It was proper in this case for the trial court to consider this issue in deciding plaintiffs' motion for summary judgment.

This argument is without merit.

### C.  Waivability of Section 17.3(A)

LMO next contends that Chatham County could waive compliance with the thirty-day filing deadline because the provision was adopted solely for the convenience of the Planning Department.

Municipal ordinances have the force of law. N.C. Gen. Stat. § 153A-47 (2007); *see also Jackson v. Board of Adjustment,* 275 N.C.

155, 162-63, 166 S.E.2d 78, 83 (1969) (the North Carolina General Assembly may confer upon county boards the power to adopt zoning ordinances). Because the Ordinance has the force of law, it cannot be waived by Chatham County. In amending its zoning ordinance, a county is required to follow its own procedures. *Thrash Ltd. P'ship v. County of Buncombe*, 195 N.C. App. 727, 732-33, 673 S.E.2d 689, 693-94 (2009). The language in the Chatham County Zoning Ordinance as to the thirty-day provision was mandatory. *State v. House*, 295 N.C. 189, 203, 244 S.E.2d 654, 662 (1978) ("ordinarily, the word 'must' and the word 'shall,' in a statute, are deemed to indicate a legislative intent to make the provision of the statute mandatory"). The trial court properly invalidated Chatham County's amendment of its Zoning Ordinance because it did not comply with the thirty-day provision contained in the Ordinance.

This argument is without merit.

### III. The Board of Adjustment Case

**[2]** In its second argument, LMO contends that plaintiffs did not have standing to challenge the decision of the Chatham County Commissioners, sitting as the Board of Adjustment, upholding the decision of the Planning Director to modify the official zoning map in case 06 CVS 821. We disagree.

The Board concluded as a matter of law that plaintiffs were not "parties aggrieved by the decision and determination of the Planning Director and they do not have standing to pursue an appeal therefrom." The trial court held that this conclusion was error, stating that although plaintiffs' properties did not adjoin the original or modified B-1 parcels, they did adjoin LMO's 63.3 acre tract, which encompassed the property zoned B-1. The effect of the Board's decision was to increase the size of the area zoned B-1 from twenty to thirty acres.

### A. Plaintiffs' Standing

LMO contends that plaintiffs do not have standing to challenge the Board's decision because they failed to demonstrate that they would suffer damages distinct or unique from the community at large; that they failed to demonstrate loss of value to their properties; and that they failed to plead their damages with any reasonable degree of specificity.

The general standard for civil pleadings in North Carolina is "notice pleading." N.C. Gen. Stat. § 1A-1, Rule 8(a)(1) (2007). Pleadings

should be construed liberally and are sufficient if they give notice of the events and transactions and allow the adverse party to understand the nature of the claim and to prepare for trial. *Smith v. N.C. Farm Bureau Mutual Ins. Co.*, 84 N.C. App. 120, 123, 351 S.E.2d 774, 776 (1987) (citing *Henry v. Deen*, 310 N.C. 75, 310 S.E.2d 326 (1984)), *aff'd*, 321 N.C. 60, 361 S.E.2d 571 (1987). In zoning cases, this has been interpreted to mean that a petitioner must allege that he stands to suffer special damages distinct from those suffered by the community at large amounting to a reduction in the value of his own property. *Heery v. Zoning Board of Adjustment*, 61 N.C. App. 612, 613, 300 S.E.2d 869, 870 (1983).

While solely alleging that plaintiffs either own property immediately adjacent to or in close proximity to the subject property is not enough, "it does bear some weight on the issue of whether the complaining party has suffered or will suffer special damages distinct from those damages to the public at large." *Mangum v. Raleigh Bd. of Adjust.*, 362 N.C. 640, 669 S.E.2d 279, 283 (2008).

Plaintiffs' first amended petition in case 06 CVS 821 alleged that "[p]etitioners are aggrieved parties who have and will suffer special damages distinct from the community at large from the decision of the Planning Director complained of below in the form of injuries to their property values and to their use and enjoyment of their properties." We hold that this allegation is sufficient to meet the requirements of notice pleading, as set forth above.

This issue is restricted to the Board of Adjustment case and does not affect the CUP case because as discussed below, we are not deciding any issues stemming from the CUP case. Plaintiffs presented sufficient evidence as to the specific manner in which their properties would be affected at the Board of Commissioners hearing. Plaintiffs submitted the affidavits of an appraiser and a realtor who both testified that the County's actions would make plaintiffs' properties less attractive to potential buyers, which would amount to a reduction in property value. Mr. Foster stated that the rezoning would adversely affect his property because "the lights from the building and parking lot and the noise from the loading docks, dumpsters, loudspeakers, roof air conditioning would be a dramatic intrusion into [his] life[.]" Mrs. Murdock stated her property would be subject to large amounts of polluted run-off. Mrs. Keesee also stated that "her most major concern is the inadequate drainage and stormwater runoff plan," and how it will adversely impact her vegetation. We find this evidence is suffi-

cient to show special damages "separate and apart from the damage the community as a whole might suffer." *Mangum*, 362 N.C. at 645, 669 S.E.2d at 283; *see also Heery*, 61 N.C. App. at 613-14, 300 S.E.2d at 870.

This argument is without merit.

### B.  Amendment of the Official Zoning Map

LMO next contends that because the metes and bounds description of the twenty-acre tract, which was rezoned to B-1 in 1974, contained manifest errors, the Planning Director properly modified the official zoning map. We disagree.

The official zoning map for Chatham County is composed of a series of aerial photographs with the zoning district lines superimposed. Section 6 of the Ordinance states: "The boundaries of such districts as are shown upon the maps adopted by this Ordinance are hereby adopted . . . ." The official zoning map which existed in 2006 had been adopted as part of the Ordinance, and the zoning map controlled the boundaries of the various zoning districts.

N.C. Gen. Stat. § 153A-345(c) provides:

(c)  The zoning ordinance may provide that the board of adjustment may permit special exceptions to the zoning regulations in specified classes of cases or situations as provided in subsection (d) of this section, not including variances in permitted uses, and that the board may use special and conditional use permits, all to be in accordance with the principles, conditions, safeguards, and procedures specified in the ordinance. *The ordinance may also authorize the board to interpret zoning maps and pass upon disputed questions of lot lines or district boundary lines and similar questions that may arise in the administration of the ordinance.* The board shall hear and decide all matters referred to it or upon which it is required to pass under the zoning ordinance.

N.C. Gen. Stat. § 153A-345(c) (2007) (emphasis added). The authority to interpret boundaries is prescribed in section 8.5 of the Chatham County Zoning Ordinance:

Where uncertainty exists as to boundaries of any district shown on said maps the following rules shall apply:

. . .

4. In case any further uncertainty exists, the Board of Adjustment shall interpret the intent of the map as to the location of such boundary.

Both the enabling legislation and the Chatham County Zoning Ordinance explicitly state that the Board of Adjustment is to interpret the zoning maps; not the Planning Director, acting alone. Section 17.1 of the Ordinance further states that a zoning amendment is required "to extend the boundary of an existing zoning district or to rezone an area to a different zoning district . . . ." We conclude that the trial judge was correct in reversing the decision of the Board of Adjustment.

This argument is without merit.

### IV.  The CUP Case

[3] We do not reach the issue of the CUP case (06 CVS 925) because as the trial court stated, and LMO concedes, the rezoning case and the CUP case are inextricably linked. Without the rezoning of the property from B-1 to CU-B-1, there can be no conditional use permit issued. Because we have affirmed the trial court in the rezoning case, we are required to affirm the trial court in the CUP case.

### V.  Conclusion

We affirm the trial court's grant of summary judgment in favor of plaintiffs in the rezoning case (06 CVS 924). We further affirm the trial court in the Board of Adjustment case (06 CVS 821) and conclude that the Planning Director did not have authority to unilaterally amend the zoning map.

In light of the above holdings, we need not reach Intervenor's remaining arguments.

AFFIRMED.

Judges GEER and STEPHENS concur.