TAREN DEVON HAYNIE, PLAINTIFF v. DEON LAMONT COBB AND ROBERT F. JONES, INDIVIDUALLY AND D/B/A JONES CONSTRUCTION COMPANY AND PETE JONES CONSTRUCTION COMPANY, DEFENDANTS

No. COA09-1384

(Filed 7 September 2010)

**1. Appeal and Error— preservation of issues—failure to appeal issue—failure to file assignment of error**

A motion in the Court of Appeals to strike defendant Cobb's brief and reply brief was granted where defendant Cobb did not file a notice of appeal regarding the alleged error nor assignments of error, and the case did not qualify for one of the four situations when a reply brief is considered.

**2. Appeal and Error— interlocutory order—risk of inconsistent verdict**

In an action arising from a collision between a truck and a moped, an appeal from the dismissal of plaintiff's negligent entrustment claim was from an interlocutory order because a

negligence claim survived, but was considered because there was the possibility of inconsistent verdicts.

### 3. Pleadings— substance of claim—negligent entrustment

The trial court erred by dismissing a claim for negligent entrustment where plaintiff moved to amend his complaint to add that claim, the amendment was never ruled upon, plaintiff took a voluntary dismissal, and plaintiff refiled a complaint that included the negligent entrustment claim. Plaintiff's original complaint alleged the elements necessary to put defendant on notice of the negligent entrustment claim.

Appeal by plaintiff from order entered 19 June 2009 by Judge Ronald E. Spivey in Superior Court, Forsyth County. Heard in the Court of Appeals 11 March 2010.

*Donald R. Buie, for plaintiff-appellant.*

*Horton & Henry, P.L.L.C., by Katherine Flynn Henry, for defendant-appellee Robert F. Jones, individually and d/b/a Jones Construction Company and Pete Jones Construction Company.*

*Burton & Sue, L.L.P., by Stephanie W. Anderson and Andrea Dancy Harrell, for defendant-appellee.*

STROUD, Judge.

Defendant Robert F. Jones d/b/a Jones Construction Company and Pete Jones Construction Company filed a motion to dismiss which the trial court granted as to one of plaintiff's claims. As the dismissed claim was alleged in plaintiff's complaint, we reverse and remand.

## I. Background

On 12 January 2007, plaintiff filed a complaint ("2007 complaint") against defendants. On 24 March 2008, plaintiff filed a motion to amend his complaint. From the record before us, it appears that the trial court never ruled on plaintiff's motion to amend the 2007 complaint. On 25 April 2008, plaintiff voluntarily dismissed his action against defendants without prejudice.

On 3 April 2009, plaintiff re-filed a complaint ("2009 complaint") against defendants for negligence, negligent entrustment, and punitive damages. Plaintiff alleged that defendant Deon Cobb was driving

HAYNIE v. COBB

[207 N.C. App. 143 (2010)]

a truck owned by defendant Robert F. Jones'[1] d/b/a Jones Construction Company and Pete Jones Construction Company ("Jones") and that defendant Cobb drove the truck negligently and collided with plaintiff's moped, resulting in bodily injuries to plaintiff. On 21 April 2009, defendant Jones filed a motion to dismiss pursuant to North Carolina Rule of Civil Procedure 12(b)(6). The trial court granted defendant Jones' motion as to the negligent entrustment claim. Plaintiff appeals.

## II. Motion to Strike

[1] We first note defendant Jones filed a motion to strike defendant Cobb's brief and reply brief. In defendant Cobb's brief, he argues that the trial court committed reversible error. However, defendant Cobb did not file a notice of appeal regarding the alleged error nor did defendant Cobb file any assignments of error. As defendant Cobb failed to follow proper procedure for an appeal, we will not consider his arguments on appeal. *Harllee v. Harllee*, 151 N.C. App. 40, 51, 565 S.E.2d 678, 684 (2002) ("[T]he proper procedure for presenting alleged errors that purport to show that the judgment was erroneously entered and that an altogether different kind of judgment should have been entered is a cross-appeal." (citations omitted)); *see also* N.C.R. App. P. 28(c) (allowing for appellee to raise additional questions without filing a notice of appeal or without assignments of error in certain situations not applicable to the present case). Also, because defendant Cobb does not qualify for one of the four situations when we consider a reply brief, we will not consider his reply brief on appeal. *See* N.C.R. App. P. 28(h). Due to procedural violations, defendant Jones' motion to strike defendant Cobb's brief is granted to the extent that Cobb's brief addresses issues which were not properly raised on appeal and the motion to strike is granted as to defendant Cobb's reply brief in its entirety.

## III. Interlocutory Appeal

[2] Plaintiff appeals from a trial court order which dismissed his negligent entrustment claim. Plaintiff's claim for negligence is still pending; there-

---

1. From the record before us it appears that Mr. Jones is a sole proprietor doing business as "Jones Construction Company and Pete Jones Construction Company." The complaint does not allege that Jones Construction Company and Pete Jones Construction Company are legally incorporated, and the record contains no indication that Jones Construction Company and Pete Jones Construction Company are separate legal entities from Mr. Jones which would require service or notice separately from Mr. Jones. *See Faber Indus., Ltd. v. Witek*, 126 N.C. App. 86, 87, 483 S.E.2d 443, 444-45 (1997) (Use of the words "doing business as" does not create an entity distinct from the individual.). Thus, there are only two defendants in this case: Mr. Cobb and Mr. Jones.

fore, plaintiff's appeal is interlocutory. *See Brewer v. Brewer*, 139 N.C. App. 222, 227, 533 S.E.2d 541, 546 (2000) ("An interlocutory order is one that does not determine the issues, but directs some further proceeding preliminary to a final decree." (citation and quotation marks omitted)). "An interlocutory order is generally not immediately appealable." *Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007) (citation omitted).

Nonetheless, in two instances a party is permitted to appeal interlocutory orders. First, a party is permitted to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits. Under either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal and our Court's responsibility to review those grounds.

*Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (citations, quotation marks, and ellipses omitted).

In *Liggett Group v. Sunas*, this Court stated,

Regarding the second, it has been frequently noted the substantial right test is much more easily stated than applied. There are few general principles governing what constitutes a substantial right and thus it is usually necessary to consider the particular facts of each case and the procedural context in which the interlocutory decree was entered. A substantial right, however, is considered affected if there are overlapping factual issues between the claim determined and any claims which have not yet been determined because such overlap creates the potential for inconsistent verdicts resulting from two trials on the same factual issues.

113 N.C. App. 19, 24, 437 S.E.2d 674, 677 (1993) (citations and quotation marks omitted).

Here, plaintiff argues the trial court order affects a substantial right. Plaintiff claims that if this Court were not to hear his appeal, he may be subject to inconsistent verdicts:

## HAYNIE v. COBB

[207 N.C. App. 143 (2010)]

The liability issues that arise in this case are such that facts and circumstances considered to determine the issue of negligence on Defendant Cobb would be the same facts and circumstances considered by a jury to determine the issue of whether Defendant Jones is liable for negligent entrustment. A second jury would have to decide the negligence of Defendant Cobb prior to determining if Defendant Jones was negligent in entrusting the pick up truck to Defendant Cobb. This procedure risks the possibility of inconsistent verdicts, in that the first jury could find Defendant Cobb negligent in the underlying accident and the second jury could find him not negligent. The facts and circumstances surrounding the accident and the proof necessary to prove Defendant Cobb negligent are also the same facts and circumstances that will be considered by a jury on the negligent {entrustment claim.

We agree with plaintiff's contentions. It is possible, if we reject plaintiff's appeal, that plaintiff could proceed with his trial against defendant Cobb and receive a monetary award. If plaintiff then appealed his motion to dismiss and we reversed, plaintiff would then need to roceed to trial with defendant Jones based on the facts as presented in the first trial. In this second trial, a jury could find that defendant Cobb was not negligent. As plaintiff could be subjected to inconsistent verdicts, we conclude that a substantial right has been affected and will consider plaintiff's appeal.

**[3]**                    IV. Motion to Dismiss

A. Standard of Review

When ruling upon a 12(b)(6) motion to dismiss, a trial court must determine as a matter of law whether the allegations in the complaint, taken as true, state a claim for relief under some legal theory. On appeal of a 12(b)(6) motion to dismiss for failure to state a claim, our Court conducts a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct.

*Page v. Lexington Ins. Co.*, 177 N.C. App. 246, 248, 628 S.E.2d 427, 428 (2006) (citations, quotation marks, and brackets omitted).

### B. Negligent Entrustment

Plaintiff contends that

> the trial court's Rule 12(b)(6) dismissal order was improper where plaintiff's re-filed complaint was filed within one year of plaintiff's voluntary dismissal without prejudice and the re-filed complaint raised no new claim but did expand on the allegations of negligent entrustment alleged in the original complaint[.]

(Original in all caps.) Plaintiff argues that his negligent entrustment claim was part of his 2007 complaint and thus he can reassert that claim in his 2009 complaint.

Plaintiff directs our attention to paragraph 7 of his 2007 complaint as evidence that he had alleged negligent entrustment. Paragraph 7 provides: "Defendant Cobb was operating the vehicle as the agent, employee or servant of Defendant Jones and/or with the express or implied permission and consent of Defendant Jones who knew or should have known of Defendant Cobb's propensity to drive while impaired."

> Rule 41(a) of our Rules of Civil Procedure provides that an action or any claim therein may be dismissed by the plaintiff without order of court . . . Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice . . . . If an action commenced within the time prescribed therfor[e], or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal . . . .

N.C. Gen. Stat. § 1A-1, Rule 41(a) (emphasis added).

A pleading adequately sets forth a claim for relief if it contains:

(1) A short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief, and

(2) a demand for judgment for the relief to which he deems himself entitled.

N.C. Gen. Stat. § 1A-1, Rule 8(a). "The general standard for civil pleadings in North Carolina is notice pleading. Pleadings should be construed

liberally and are sufficient if they give notice of the events and transactions and allow the adverse party to understand the nature of the claim and to prepare for trial." *Murdock v. Chatham County*, ––– N.C. App. –––, –––, 679 S.E.2d 850, 855 (2009) (citations and quotation marks omitted), *disc. review denied*, 363 N.C. 806, 690 S.E.2d 705 (2010).

The labels as to legal theories which plaintiff gave his claims in the 2007 complaint are not controlling:

> [W]hen the allegations in the complaint give sufficient notice of the wrong complained of an incorrect choice of legal theory should not result in dismissal of the claim if the allegations are sufficient to state a claim under some legal theory. . . . In order to survive a motion to dismiss, however, the allegations of a mislabeled claim must reveal that plaintiff has properly stated a claim under a different legal theory.

*See Stanback v. Stanback*, 297 N.C. 181, 202, 254 S.E.2d 611, 625 (1979). Negligent entrustment arises when "the owner of an automobile entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver who is likely to cause injury to others in its use." *Dwyer v. Margono*, 128 N.C. App. 122, 127, 493 S.E.2d 763, 765 (1997) (citation and quotation marks omitted), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 85 (1998).

Defendant Jones argues that the 2007 complaint did not state a claim for negligent entrustment, based upon plaintiff's motion to amend to add this claim. Basically, defendant Jones argues that if plaintiff needed to add a claim for negligent entrustment to the 2007 complaint, plaintiff must necessarily not have stated this claim in the original 2007 complaint. Plaintiff's motion to amend states that he wants to amend his 2007 complaint because "there are additional theories of negligence against Defendant Jones, namely negligent entrustment[.]" Defendant Jones argues that he was only put on notice for the claim of vicarious liability for defendant Cobb's allegedly negligent driving.

Defendant Jones' argument fails because neither the labels or lack thereof as to legal theories used in plaintiff's 2007 complaint nor the motion to amend the 2007 complaint are controlling. *See Stanback* at 202, 254 S.E.2d at 625. Plaintiff alleged in his 2007 complaint that defendant Jones entrusted his vehicle to defendant Cobb, whom defendant Jones should have known had a "propensity to drive while impaired." Thus, plaintiff did allege the necessary elements to put defendant Jones on notice of the claim of negligent entrustment,

even if plaintiff mislabeled or failed to label the claim. *See id.; Murdock* at ——, 679 S.E.2d at 855; *Dwyer* at 127, 493 S.E.2d at 765.

The only relevant question as to this issue is whether plaintiff's 2009 complaint is "based on the same claim[s]" as his 2007 complaint. N.C. Gen. Stat. § 1A-1, Rule 41(a). Therefore, the question to consider as to plaintiff's 2007 complaint is whether it "give[s] notice of the events and transactions and allow[s] the adverse party to understand the nature of the claim and to prepare for trial." *Murdock* at ——, 679 S.E.2d at 855. This inquiry does not involve later statements by plaintiff as to plaintiff's intent in filing his 2007 complaint. In other words, we cannot consider what plaintiff intended to allege in his complaint but rather what he *actually* alleged in the complaint. In the 2007 complaint, plaintiff alleged all of the necessary elements for a claim of negligent entrustment, *see Dwyer* at 127, 493 S.E.2d at 765, and therefore defendant Jones was put on notice of such a claim. *See Murdock* at ——, 679 S.E.2d at 855.

Although it may seem incongruous that we have concluded that plaintiff had properly pled a claim when plaintiff himself alleged he wanted to add it as an additional claim, when we consider the question of what claims were alleged, the law only allows us to consider the pleadings. *See Murdock* at ——, 679 S.E.2d at 855; *see generally* N.C. Gen. Stat. § 1A-1, Rule 8(a). Accordingly, we reverse the order of the trial court dismissing plaintiff's claim for negligent entrustment. As we are reversing the trial court's order, we need not address plaintiff's other issue on appeal.

## V. Conclusion

As plaintiff's 2007 complaint plainly alleged the elements of negligent entrustment, the trial court should not have granted defendant Jones' motion to dismiss the claim of negligent entrustment. Therefore, we reverse.

REVERSED.

Judges ELMORE and JACKSON concur.